REDINGTON, APPELLANT V. REDINGTON, APPELLEE.

1. DIVORCE—ADULTERY A BAR.

The plaintiff's action for divorce was upon the grounds of desertion and non-support. Defendant joined issue and also filed a cross-complaint upon the ground of the plaintiff's adultery. The proofs showed the defendant to be guilty of desertion and non-support, and the plaintiff to be guilty of adultery; *held,* that both complaint and cross-complaint should have been dismissed.

2. PRACTICE IN DIVORCE CASES.

It is of no consequence how the court obtains the requisite legal knowledge of the fact of plaintiff's adultery. It may crop out of the proofs without having been pleaded, but must be acted upon by the court. If it shall appear, no divorce can be decreed.

3. GROUNDS OF DIVORCE—EQUALITY OF.

In estimation of law, all grounds of divorce are of equal force and validity, notwithstanding supposed differences, in point of morals, in the gravity of the offenses involved.

*Appeal from the District Court of Arapahoe County.*

THE facts are sufficiently stated in the opinion of the court.

Messrs. T. J. O'DONNELL & W. S. DECKER, for appellant.

Messrs. BAXTER & WRIGLEY, for appellee.

BISSELL, J., delivered the opinion of the court.

The legal rights and obligations of these parties are fixed by the facts which are contained in the record, and those which in this court must be taken to be established by the verdict of the jury. They were married in 1874 at Danville, Illinois. They afterwards removed to Kansas which was their home until sometime in 1881, when, as the jury has declared by their verdict, Redington deserted his wife. Mrs. Redington brought this action of divorce against her husband, setting up three grounds; desertion, non-support, and adultery. Redington took issue on these allegations and filed a cross-bill asserting the adultery of his wife. The verdict expressly found the issues of desertion and non-support in the wife's favor, but made no affirmative finding as to the matter of the adultery. As the law seems to be, this is wholly unimportant, so long as the fact exists. There was an express finding that Redington deserted his wife in 1881. The circumstances of this desertion need neither be stated nor considered. The finding will not be reviewed. It is based on proof fairly submitted to the consideration of the jury. It is so well supported by the evidence that this court, if called on to pass on the facts, would find the same way. The husband then may, for the purpose of applying the rules of law which are decisive of the rights of the parties, be held to have done what the statute says shall give rise to a cause of action for divorce. The decree must then follow the bill and proof unless there be in the record that which bars the wife's recovery. The issue as to the wife's adultery tendered by Redington and accepted by her was not disposed of by any finding on the subject. Considering the course which

the trial court should have taken on the coming in of the verdict, this was not necessary to the entry of a correct and legal judgment in the premises. The fact averred in the cross-bill and upon which it rested, stands admitted by the wife in the testimony which she gave on the trial. This offense against the marriage law was committed long after the desertion and subsequent to the time when the right of action on the ground of desertion had ripened and matured. The decision however does not turn on the question of time nor upon any conclusion as to the order of events which gave to the respective parties their right to sue under the statute. Clearly then according to the record both parties have been guilty of what, if either were innocent, would give to the one injured a maintainable cause of action. The inquiry is thus reduced to the narrow but much controverted one whether any statutory ground of divorce can be the subject of a good recriminatory plea when the suit or cross-bill is based on the adultery of the one recriminating the other offense. In the hopeless conflict among the authorities both English and American, and without the guiding and controlling force of an adjudication in our own state, we must follow what seems to be the current of the main stream of judicial determination influenced, perhaps, by our own judgment of what the law should be in such cases. Since it is the conclusion of this court that the cases of *Ristine v. Ristine*, 4 Rawle, 460, and *Buerfenning v. Buerfenning*, 23 Minn. 563, are not in harmony with the general doctrine of the American courts, it may be well to advert to the difference between the statutes of these states and that of Colorado upon this subject. Both these decisions are wholly rested on the supposed necessity to observe well established rules of statutory construction. The Pennsylvania court seems to have been justified in the construction which they put on their act. That act definitely provided that if the defendant should "allege and prove" certain things they should in such actions be "a good defense and a perpetual bar." Very properly that court held that such certain and express provisions must, by

well settled canons of construction, be taken to exclude any other defenses which might be supposed to exist because a right of action upon some other statutory ground had come to the plaintiff in the suit or the cross-bill. A similar statute led the Minnesota court to follow the *Ristine* case. It would serve no good purpose to analyze the *Buerfenning* case and demonstrate, were it possible, that in so far as it varied from the authority which it followed it was not well sustained. It is enough for this court to hold that it is unhampered by any such authoritative legislative expression of purpose. Under the 4th section of our divorce act it is wholly unimportant whether the collusion or adultery be alleged by the defendant or by either party. These matters are not made the proper subject of a plea either in express terms or by implication. It is of no consequence how the court obtains the requisite legal information. "If it shall appear" * * * "no divorce shall be decreed." It is more in the nature of a limitation upon the power of the court whenever the record shall disclose the existence of either fact. There is no *onus probandi* cast on the recriminating party. It may crop out in the plaintiff's proofs and there would then be neither necessity nor occasion for plea or the offer of evidence in support of one. If the court learn by evidence which is properly before it that collusion exists or adultery has been committed by both parties, it can render no decree of divorce. As it is well put by Sir William Scott in *Timmings v. Timmings*, 3 Hagg. 76 (5 Eng. Ec. 22), "in cases of this nature it is incumbent on the husband to make such strict proof of the fact charged as shall not involve himself or create a legal bar; for if, by evidence which he brings to establish adultery, he at the same time involves and implicates himself, the wife has the full benefit of this evidence." The court would only be bound to accept these adjudications as authority on the principle that an affirmative statute which enacts that certain offenses shall constitute a good defense and a bar, must be taken to exclude the consideration of any other. We are unembarrassed by this

principle of construction and we are not forced to question the accuracy of these cases. Bishop on Marriage and Divorce, 5th edition, vol. 2, section 95. Bishop on Statutory Crimes, sections 153 and 154.

These preliminary statements of fact, and this conclusion concerning the statute, simplifies and narrows the investigation to the single question already stated.

Since the courts of this country first commenced to discuss this question they were hampered by what seemed to be an unavoidable necessity to rest their decisions upon the only precedents then available from the English tribunals. It occasioned this difficulty. The English courts until the recent Divorce Act only granted divorces *a mensa et thoro*, and did not accord to any other offense than that of adultery equal force for the purposes either of a bill or of a plea. The earlier American adjudications followed this line of reasoning, adopted those cases as authority for their decisions, and there are in the American Reports cases which adjudicate that neither cruelty, nor desertion, nor any other statutory ground, can be made the subject of a valid and successful recriminatory plea. They rest on no correct doctrine, and unless the conclusion be forced by some affirmative statute it should not be accepted. It is a rule recognized in all courts, and applicable to all classes of actions, that every suitor who seeks redress at the hands of a court should come unfettered and unsullied by faults and wrongs of his own commission against the contending party. This principle has become aphorized in the law as " clean hands." It is plainly and palpably violated and infringed whenever a litigant who prays a divorce has been guilty of any act which under the statute would furnish the defendant a cause of action as against him. This alone ought to be sufficient to defeat the plaintiff's right of recovery, for she was guilty of a great offense against the marital obligation before she filed her bill. It has never been sufficient even under the English authorities to respond that even though this be true, you first sinned and I may therefore recover. The law left them where it found them. This conclusion finds strong support

in the consideration that under the statute every offense which is thereby made a ground for divorce is of equal force and validity, and when presented and proved entitles the litigant to identically the same relief. It is therefore impossible for the courts in determining the obligations of the marriage contract to hold that there is any difference in the legal character of the breaches when their action is invoked upon any one of them. Whatever may be the ethical considerations, and the gravity of the offenses laid in a moral point of view, they are of no value in this respect. *Conant v. Conant*, 10 Cal. 250; *Hauff v. Hauff*, 48 Mich. 281; *Nagel v. Nagel*, 12 Mo. 53; *Johns v. Johns*, 29 Ga. 718; *Shackett v. Shackett*, 49 Vt. 195; *Ribet v. Ribet*, 39 Ala. 348; *Adams v. Adams*, 17 N. J. Eq. 324; *Handy v. Handy*, 124 Mass. 394.

Under the law as established by these authorities, on the coming in of the verdict establishing the desertion by the husband, the court being advised by the wife's admission that she had been guilty of adultery, should have dismissed both bill and cross-bill and left the parties bound by the tie which they had severally dishonored. Under these circumstances and with the pleadings and the suit in its present shape the court should make no decree concerning alimony. It is doubtless true that since the husband must remain obligated by his marriage contract he is bound to care for his children and to maintain and educate them. It is wholly unnecessary to determine what his duties may be with reference to his wife, since there is nothing in the proofs offered in the case which would enable the court to judge of the gravity of her temptation, nor how far the husband was responsible for her fault by reason of his conduct. This matter is designedly left wholly undetermined, since the issues and the proofs do not properly present the question.

Because of the error committed by the court in entering a judgment on the verdict in favor of the wife, the cause must be reversed and remanded with directions to the court below to dismiss both the bill and the cross-bill, with such order as to costs as to that court may seem proper.

*Reversed.*