## BURTON v. SNYDER.

1. GARNISHMENT—PLEADINGS.

Although a garnishment proceeding is in aid of the original suit, it may properly be treated as a separate and distinct action so far as the pleadings are concerned.

2. SAME—RECORD.

The interrogatories and answers in a garnishment proceeding need not be preserved by bill of exceptions. Like other proceedings, they become part of the record proper.

3. RECORD—EXCEPTIONS, WHEN NOT REQUIRED.

The code provides that written motions affecting or based on the pleadings shall be taken as a part of the record without being made such by bill of exceptions, and that no exception need be taken to decisions sustaining or overruling such motions in order to obtain a review thereof.

*Error to the District Court of Gunnison County.*

MOTION to dismiss writ of error.

Defendant in error, William Snyder, commenced suit upon a promissory note executed by plaintiff in error and her husband, who were both made defendants in the action. Of the defendants, Mrs. Burton only was served with process, and she alone appeared in the action, her husband being deceased.

As ancillary to this suit, Snyder caused a writ of attachment and garnishment process to issue, which was served upon The Kansas Mutual Life Association as garnishee.

In answer to the garnishment process the garnishee admitted that it owed Mrs. Burton the sum of $3,000 upon a policy of insurance upon the life of her husband. The association thereafter brought this money into court and deposited it with the clerk to await the ultimate judgment of the court. The answers of the garnishee were not traversed in any way, and no issue of fact was raised or passed upon by the trial court in the garnishment proceeding.

The plaintiff in error, Lydia Burton, however, filed a motion asking that the garnishee be discharged and the money turned over to her. This motion raised a question of law upon the act of 1887 entitled "An Act Relating to Life and Casualty Insurance on the Assessment Plan." See Session Laws of 1887, page 284. By section 10 of this act it is provided:

"The money or other benefit, charity, relief, or aid to be paid, provided or rendered by any corporation authorized to do business under this act, shall not be liable to attachment or other process, and shall not be seized, taken, appropriated, or applied to any legal or equitable process, nor by operation of law, to pay any debt or liability of a policy or certificate holder or any beneficiary named therein."

The court overruled the motion to discharge the garnishee, thereby holding that the money was not exempt. The main case proceeded to judgment in favor of the plaintiff against Mrs. Burton for the sum of about $3,500. As a part of this judgment the $3,000 deposited with the clerk by the insurance company was ordered to be paid over to plaintiff, where-

upon the defendant sued out this writ of error. No bill of exceptions having been filed, the defendant in error (plaintiff below) now moves to dismiss the writ of error.

Mr. W. D. WRIGHT and Mr. J. C. HELM, for plaintiff in error.

Mr. T. C. BROWN, for defendant in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The first question presented relates to the right of plaintiff in error to have the judgment of the district court reviewed upon the garnishment proceedings in the absence of an exception to that judgment. Although the garnishment proceeding is in aid of the original suit, it, nevertheless, may properly be treated as a separate and distinct action in so far as the pleadings are concerned; the interrogatories propounded and the answers thereto and the motion for a discharge of the garnishee constituting the issues upon which the matter is to be determined. Drake on Attachment, sec. 452; *Gunn v. Howell*, 27 Ala. 663; *Smith v. Heidecker*, 39 Mo. 157.

As the interrogatories and answers constitute the pleadings, they need not be preserved by bill of exceptions, but, like other proceedings, become part of the record proper. *Rankin v. Simonds*, 27 Ill. 352; *Falconer v. Head*, 31 Ala. 513; *Easton v. Lowery*, 29 Ala. 454.

The motion interposed in this case was in effect a motion for a judgment on the pleadings, and is governed by sections 60 and 387 of the Civil Code of 1887. Section 387 reads as follows:

"No exceptions need be taken to opinions or decisions of courts of record sustaining or overruling demurrers or written motions affecting or based on the pleadings, or overruling motions in arrest of judgment, motions for new trials or for continuance of causes, or giving, refusing, or modifying instruc

tions; but all such opinions and decisions together with the demurrers, motions and instructions, shall be taken as a part of the record, without being made such by a bill of exceptions."

In the absence of a statute it would perhaps have been necessary to have preserved the motion by a bill of exceptions, but the statute expressly provides that such motions shall be taken as a part of the record without being made such by bill of exceptions, and it also provides that no exception need be taken to decisions of courts of record sustaining or overruling such motions.

The contention of counsel, therefore, that an exception is necessary in order that this court may review the decision of the court below upon this motion is set at rest by the plain language of the section. The question presented by the motion and pleadings was a naked question of law, the solution of which is dependent in no way upon any question of fact to be determined by evidence, and in fact no evidence was offered.

As we understand the position of counsel for the motion, it is that no case can be reviewed in this court upon appeal or error unless an exception is duly reserved to the judgment of the trial court. In other words, the claim is that this court cannot review the judgment in any case unless there is a bill of exceptions duly certified and made part of the record, as where an exception is necessary it is well settled that it can only be preserved by bill. We are satisfied that no decision can be found in this state supporting the rule contended for. The jurisdiction of this court is frequently exercised to review cases upon the record proper in the absence of a bill of exceptions, and by the sections of the code referred to, the motion interposed in this case is properly a part of such record. It will, of course, be conceded that the taking of an exception and preserving the same by bill is necessary to a review of the evidence, or upon the law as applied to the evidence, and the Colorado cases go no further than this. It affirmatively appears from

the record that the attention of the district court was called to the legal effect of the answers by the motion for judgment upon the pleadings, and by the express provision of the statute the formal reservation of an exception is not necessary to a review in such cases. Fitnam's Colo. Practice, sec. 97.

It is urged that as the record in this case shows that in pursuance of a stipulation the insurance money was deposited with the clerk of the district court to await the determination of the court as to which party had the better right thereto, that this was a waiver of any objection to the judgment against plaintiff in error upon the garnishment proceeding; also a waiver on her part to the final judgment awarding the money to the plaintiff in the original proceeding. This conclusion is unwarranted. It is not unusual for parties to deposit property or a fund in litigation subject to the disposition of the court, and it has never been held that merely consenting to such deposit constitutes a waiver such as is here claimed. The deposit was made in this instance, as is usual in such cases, by a party not concerned with the final disposition of the money, for the purpose of avoiding annoyance from contesting claimants to the fund.

The motion to dismiss the writ of error will be denied.

*Motion denied.*