## HUME v. ROBINSON ET AL.

1. EXCEPTIONS, WHEN NECESSARY.

While an exception to the final judgment is necessary in order to obtain a review of the evidence, it is not requisite to a review upon the record proper.

2. JURISDICTION—JUDGMENT—ISSUES.

A judgment or decree on a matter not embraced by the issues raised by the pleadings is a nullity, and open to challenge at any time. The only exception to this rule is where the party against whom such judgment was rendered appeared and took part in the actual litigation of the matter so determined.

3. APPELLATE PRACTICE—ASSIGNMENT OF ERROR.

An objection based upon the nonjoinder of parties will not be considered without an assignment of error predicated upon that ground.

*Error to the District Court of Arapahoe County.*

Mr. W. M. DUFF, for plaintiff in error.

Mr. W. C. KINGSLEY and Mr. J. B. WILLSEA, for defendants in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

This is an action by George W. Robinson & Son against William O. Hume, the plaintiff in error, Alfred H. Allen, and Hughes Brothers, their codefendants in error, to foreclose a mechanics' lien upon lot 42, block 12, Sherman's subdivision, in the town of South Denver, for and on account of brick furnished and used in the construction of two buildings upon said lot; and for a personal judgment against defendant Allen.

The complaint avers that Hume, the owner of the property, entered into a contract with one Williams for the erection of the buildings; that Allen entered into a contract with Williams to furnish materials and do the brick work; and that Robinson & Son, under a contract with Allen, furnished

him with brick of the agreed value of $168, which were used in said buildings; that a lien therefor was duly filed; that the other defendants claimed to have liens upon the same premises; prays for a personal judgment against Allen, and for foreclosure of the lien.

In his cross complaint, the defendant Allen avers that Hume entered into a contract with Williams for the erection of these buildings, and that he entered into a contract with Williams whereby he agreed to do the brick work on the buildings for the sum of $351.75, which work was completed and accepted by Williams and Hume; that no part of the same has been paid; the filing of a lien, in compliance with the statute; and prays for a personal judgment against Williams for the sum of $351.75, with interest; and for foreclosure of his lien, that the property be sold, etc.

The other defendants, Hughes Brothers, in their cross complaint aver that, at the request of Hume, the owner, they furnished certain lumber and building materials of the aggregate value of $347.46, and the filing of a lien therefor; prays a personal judgment against Hume, and a foreclosure of their lien upon the property. The defendant Hume filed a general denial to all of these averments.

Upon the issues joined the cause was tried to the court. The evidence introduced upon the trial is not preserved by a bill of exceptions. The court found the amounts to be due the respective parties as alleged; and in addition to decreeing a lien against the property for such amounts in favor of the parties, rendered a personal judgment against Hume in favor of each, for their respective amounts.

The case is presented here upon the record proper, and numerous errors are assigned, but no exceptions having been taken or reserved on the trial in the court below, most of them cannot be considered on this review. In fact, it is insisted by counsel for defendants in error that for want of exception, duly reserved, to the findings and judgment of the court below, no error, however apparent from the record, can be considered, and in support of this claim cite several of the

decisions of this court; but none of the cases cited, nor any
decision of this court, supports this contention.   Those cases
are to the effect that unless an exception is taken, and duly
preserved, to the judgment of the court below, this court can-
not review the evidence; but none of them go to the extent
of holding that an exception is necessary to enable this court
to review cases upon the record proper.   As was said in the
case of *Burton v. Snyder*, 21 Colo. 292:

" The jurisdiction of this court is frequently exercised to
review cases upon the record proper, in the absence of a bill
of exceptions; and by the sections of the code referred to,
the motion interposed in this case is properly a part of such
record.   It will, of course, be conceded that the taking of an
exception, and preserving the same by bill, is necessary to a
review of the evidence, or upon the law as applied to the
evidence, and the Colorado cases go no farther than this."

It is apparent upon the face of this record that the judg-
ment of the court below, in so far as it awarded a personal
judgment against the plaintiff in error in favor of Allen, and
Robinson & Son, was unwarranted, under the issues joined
by the pleadings; and consequently the court had no power
or jurisdiction to render it.   The want of jurisdiction to ren-
der the judgment complained of is open to challenge at any
time.   As observed in the case of *Jones v. Davenport*, 44 N. J.
Eq. 33:

" The principle is authoritatively settled, that a decree or
judgment, on a matter outside of the issue raised by the
pleadings, is a nullity, and is nowhere entitled to the least
respect as a judicial sentence."

The only exception to be noted to this doctrine is where
the defendant appears, and takes part in the actual litigation
of the matter determined; in which event he will be bound
by the judgment, although outside of matters put in issue by
the pleadings.   Otherwise, the rule is universal that the
judgment is inclusive only of matters so put in issue.   *Rey-
nolds v. Stockton*, 140 U. S. 254; *Reynolds v. Stockton*, 43
N. J. Eq. 211; *Munday v. Vail*, 34 N. J. L. 418.

But this exception could not apply in this case, notwithstanding the plaintiff in error appeared, as it cannot be presumed that any question of his personal liability to these defendants in error was submitted or determined, since from the very nature of the action no such liability could exist, there being no privity of contract between them and him. While, therefore, the court in this case had jurisdiction of the subject-matter and of the persons, it was without jurisdiction to render the judgments mentioned. So much of the judgment as adjudicates the claim of Hughes Brothers is not subject to this objection, since, from the allegations of their cross complaint, a personal liability against the plaintiff in error, upon a personal agreement on his part, is shown.

Counsel for plaintiff in error argues at some length another objection appearing upon the face of the record, viz. that Williams, the principal contractor, is not made a party to the action. We are precluded from considering this objection for the reason that no assignment is predicated upon this ground.

For the reasons stated, the judgment of the court below in favor of Hughes Brothers is affirmed; and that in favor of Alfred H. Allen and Geo. W. Robinson & Son must be reversed, and the cause remanded, with directions to grant a new trial upon the issues joined between them and the plaintiff in error.

*Reversed.*