[No. 4244.]

BRANCH v. BRANCH.

**1. Divorce—Non-Support—Evidence.**

A decree for divorce on the ground that defendant had failed for a year last passed to provide a reasonable support for his family cannot be sustained where the evidence shows that

the parties were dependent on their labor and that up to a time less than a year prior to bringing suit they were both employed and by their joint efforts provided ample support for the family.

**ON REHEARING.**

**2. Divorce—Juries—Practice.**

An action for divorce cannot be legally tried before a jury of less than six persons unless both parties consent thereto.

**3. Divorce—Venue—Jurisdiction.**

An action for divorce can only be brought in the county where the plaintiff or defendant resides or in the county where the defendant last resided. The question of residence is jurisdictional and cannot be waived by the parties.

**4. Divorce—Marriage Pending Appeal.**

Where a decree for divorce was reversed and the cause dismissed, and pending the appeal the party in whose favor the decree was rendered married, by marrying pending the appeal she violated her marriage obligations, and is not entitled to a divorce, and cannot be heard on a petition for rehearing to question the correctness of the decision, nor to ask that it be modified so as to remand the cause for a new trial instead of dismissing it.

*Appeal from the County Court of Pitkin County.*

Mr. JOHN T. JACOBS, for appellant.

Mr. JOHN A. DEWEESE and Mr. ARTHUR MALTBY, for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court.

For several years prior to the filing of the complaint, the plaintiff and defendant resided in the county of Weld, in this state. For about two years prior to the middle of November, 1899, they lived on a farm in said county, where they were both employed. On the last-named date, the husband, being dissatisfied for some reason, made overtures to his wife to leave the farm with him, but upon her refusal to do so, he left, leaving his wife on the farm. About the 10th of December, 1899, the wife went to

the county of Pitkin, and within three days after her arrival at Aspen. and on, to wit, the 13th day of December, filed her complaint against her husband, in which she charged that he, being in good bodily health, had failed for more than a year prior to the commencement of the action to make reasonable provision for the support of his family.   An answer was filed, in which the allegations of the complaint were denied, and the defendant charged that the plaintiff had deserted him in the month of November, 1899. The cause was tried to a jury of three.   The defendant objected to a trial by a jury of three; the objection was overruled, and the defendant excepted.   At the close of the plaintiff's testimony, the defendant moved that the cause be dismissed for the reason that it appeared by the testimony that the plaintiff was not a resident of the county of Pitkin, which motion was denied.   It is stated in the assignment of error and in the argument that the court held that by proceeding to trial the defendant waived the right to question the plaintiff's residence in the county of Pitkin; and while the reasons assigned by the judge for denying the motion do not appear, it does appear in the original decree, which is on a printed blank, that the court, before signing the decree, erased certain words of the decree, which show that he considered the question of the plaintiff's residence and that he failed to find that at the time of the commencement of the action the plaintiff was a resident of the county of Pitkin.

Three questions are presented for our consideration:

1.   Whether a jury of three is a proper jury for the trial of an action for divorce, unless the opposite party consents thereto.

2.   Does a defendant, by proceeding to trial,

waive the right to question the plaintiff's residence in the county where the suit is brought?

3. Did the evidence in support of the plaintiff's complaint warrant the finding of guilty?

We are of the opinion that the plaintiff has failed to establish the allegations of her complaint, and we shall therefore not determine the questions raised relating to the jury and the residence of the plaintiff. We are satisfied that the court should have directed the jury to return a verdict of not guilty. The plaintiff and defendant depended upon their own labor for their support. In the fall of 1898 the plaintiff and defendant mutually agreed to live upon the farm of a man named Cope, within a few miles of New Windsor, Weld county. The plaintiff's testimony upon this subject is as follows: "In October, 1898, I left New Windsor and went to a ranch one and a half miles, to a man named Cope. The arrangements were that we were to furnish part of the provisions and Cope was to furnish the other things, such as flour, potatoes, milk, butter and house rent. This arrangement did not last very long, as Mr. Branch did not live up to his agreement, and Mr. Cope was compelled to supply the provisions, and about the 1st of March another arrangement was made with Mr. Cope, who had employed more men, and he agreed to furnish all the provisions, my work to offset Mr. Branch's, the children's and my board."

Upon cross-examination, she says: "We moved to New Windsor about 1897. At that time Mr. Branch worked in the creamery, and worked steadily for a few months. He was manager for a man in Denver. We lived in a frame house of five rooms, which was comfortably furnished. He provided common every-day food and enough of it; the child was clothed half-way decently—we only had one then— while I had what clothes mother gave me, fairly re-

spectable clothes. About the 1st of October, 1898, Mr. Branch told me we had a splendid opportunity offered to go to work at Cope's, one and a half miles north from Windsor. He offered us a home to keep house for him. I said it was a godsend to us. We did not know where we were going to move, and had no money to pay rent. I was in bed with the second baby. We both thought it was a snap. Mr. Branch had quit working at the creamery several months before."

"Q. Why did he want to leave Cope's? A. I don't know.

Q. Did he ever tell you why he wanted to go away and take you away? A. No, sir.

Q. Did he have any private talk with you to tell you why? A. We have often talked to each other that it was a snap, and if we could stay another year, we would get some money.

Q. Was it a snap? A. It was, fortunately. We were doing well at Cope's; Mr. Cope furnished the provisions."

The arrangements mentioned lasted until about the 1st of March, 1899. Branch and his wife, by their joint efforts, furnished the family with sufficient provisions. After the 1st of March, another arrangement was made, and the defendant was to farm land rented to him by Cope; but for some reason there was a failure of the crop and he did not realize as much from its sale as he had anticipated. These people apparently lived together in perfect harmony until a month or two before the husband left. It is not necessary to consider the reasons he gave for urging his wife to leave with him, suffice it to say he was dissatisfied, and offered to provide rooms in New Windsor, but his wife declined to go with him.

The testimony, viewed in the most favorable

light for the plaintiff, shows that the defendant made, with his wife's efforts, ample provision for the support of his family up to March, 1899. We do not intimate that since March, 1899, the defendant has failed to make a reasonable provision for the support of his family, but that the testimony of the plaintiff, giving it the strongest construction in plaintiff's favor, does not show a failure on the part of the defendant to make a reasonable provision for the support of his family for the year prior to the filing of the complaint.

The judgment is reversed, with directions to dismiss the cause.                    *Reversed.*

## On Rehearing.

Mr. JUSTICE STEELE delivered the opinion of the court.

The case was reversed for the reason, as stated in the opinion, that the plaintiff had not shown by her own testimony that her husband had failed to make reasonable provision for her support and the support of the family for the period of one year prior to the commencement of the action. The testimony showed that the husband had made provision for the support of his family up to the 1st of March, 1899; that up to the 1st of March, 1899, the parties lived in perfect harmony, and that it was not until after the 1st of March, 1899, that complaint was made by the wife that the husband was not making a suitable provision for her support. The court therefore held, that even though the defendant had perhaps not made a reasonable provision for her support or the support of the family after the 1st of March, 1899, to the commencement of the action, she had failed to show (the suit having been brought in November, 1899) that there had been a failure to support for the period of a year prior to

the commencement of the action. If there were no other questions presented than that of the sufficiency of the evidence, we should, perhaps, remand the cause for another trial. In fact, we are not without doubt as to the correctness of reversing the case for the reasons announced in the opinion, but we are clearly of opinion that the cause must be reversed for the reason that a jury of three is not a legal jury in a proceeding for divorce, in cases where objection is made by one of the parties. Proceedings in divorce are to be conducted in accordance with the statute concerning divorce and alimony, and the code of civil procedure. No provision is made for a jury in the chapter concerning divorce and alimony, but by the code it is provided that, "The jury shall consist of six persons, unless the parties agree to a smaller number, not less than three."—Mills' Annotated Code, Section 179.

The defendant objected to a jury of three, and his objection was overruled. The objection should have been sustained and a jury of six impaneled to try the cause. We hold that unless the parties consent thereto, a jury of three cannot lawfully try a suit for divorce. We must not be understood as holding that in case of default, where an attorney has been appointed by the court to represent the absent defendant, the attorney so appointed can consent for the defendant to have the cause tried by a jury of three.

The court should have determined the question of residence of the plaintiff. A motion having been made by the defendant to dismiss the cause because it did not appear that the plaintiff was a *bona fide* resident of Pitkin county, it should have been sustained if the court was of opinion that the plaintiff was not a *bona fide* resident. Causes can only be brought in the county where the plaintiff resides or

where the defendant resides, or where the defendant last resided. It is a jurisdictional question, and cannot be waived by the parties. Unless the residence required by the statute is in some manner shown, the court is without jurisdiction. Residence in one of the counties of this state may be acquired in an hour, and a person is entitled to bring his suit for divorce at any time after he has acquired residence in good faith in a county of the state, if he has been a *bona fide* resident and citizen of the state for a period of one year; but one cannot acquire a residence, either in the state or a county thereof, which will entitle him to access to our courts for the purpose of obtaining a divorce, by a sojourn without an intention to make the place a place of permanent abode.

Counsel have suggested that the opinion be modified, and that the case be remanded with directions for another trial, and not with directions to dismiss the cause. There is no reason for prolonging this litigation. The cause, if remanded, must be dismissed by the court because of the fact that during the pendency of the case here the appellee remarried; and, having remarried before her judgment of divorce became final, she has violated the marriage obligation, and is not entitled to a divorce.

Counsel stated in open court that the appellee married more than a year after the granting of the decree from which an appeal was taken, but the fact that a year elapsed before she was married does not affect her status. The appeal suspended the judgment for all purposes, and she could not lawfully marry again during the pendency of the appeal.

We are not unmindful of the fact that the result of this judgment is of serious consequence to the apellee and the man she married, but they should have thought of the consequences before taking the step. We are of opinion that the court has the right, in di-

vorce proceedings, as representing the people, to take notice of the change of status of the parties or either of them, and that when one of the parties to a suit for divorce remarries, pending an appeal in this court, that the party has not the right either to prosecute or defend in this court, and cannot be heard to question the correctness of the decision of the court, in a petition for rehearing.

The petition for rehearing is denied.

Mr. JUSTICE GABBERT does not concur, being of opinion that the petition for rehearing should be granted and the judgment affirmed.