[No. 4542.]

## CUPPLES v. CUPPLES.

33  449
Case 2
34  303

**1.  Divorce—Separate Maintenance—Pleading—Pendency of Other Action.**

Where a wife sued her husband in district court for separate maintenance and the husband filed a cross-complaint praying for

divorce, which, upon motion, was stricken, and time was allowed him to answer or take such action as he might deem advisable, and within the time he filed a suit for divorce in the county court, the pendency of the action in district court could not be pleaded in abatement of the suit in county court.

2. **Divorce—Defense—Cross-Complaint.**

The defendant in an action for divorce may set up any matter by way of cross-complaint that will defeat the plaintiff's action.

3. **Same.**

It is not necessary, in order to entitle the defendant to set up matters by way of cross-complaint, in bar of the plaintiff's action, that the defendant shall seek a divorce.

*Appeal from the County Court of Rio Grande County:*

*Hon. Alden Bassett, Judge.*

Mr. GEORGE T. SUMNER and Mr. JESSE STEPHENSON, for appellant.

Mr. IRA J. BLOOMFIELD for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court.

A suit was brought by Mrs. Cupples against her husband in the district court of Rio Grande county, praying for separate maintenance and the custody of the children. The defendant in the suit filed his answer and cross-complaint, praying for a divorce and for the custody of the children. Upon motion, the cross-complaint was stricken, and thirty days was allowed the defendant in which to answer or to take such action as he might deem advisable. Within the thirty days, the defendant in the suit mentioned brought his action in the county court of Rio Grande county, praying for a divorce. Within the time prescribed by the statute for answering, the defendant filed her answer and cross-complaint, in which she denied the allegations of the complaint, set up the

pendency of the action in the district court, and alleged acts of cruelty on the part of her husband, and prayed for the custody of the children, stating that she did not desire a divorce, but that she alleged the acts of cruelty for the purpose of defeating the plaintiff's action. The court held that there were not two actions pending, and permitted the defendant in the former suit to maintain his action for divorce. He further held that, inasmuch as the defendant did not pray for a divorce in her cross-complaint, she could not set up or prove acts of cruelty on the part of her husband. Error is assigned upon the action of the court in ruling that the former action between the parties was not pending at the time of the institution of this suit, and in refusing to permit the defendant to prove under her answer acts of cruelty alleged to have been committed by the plaintiff.

No error was committed by the court in his ruling concerning the pendency of another action. The record shows that the cross-complaint was stricken, and the defendant given thirty days in which to elect what action he would take. The filing of the complaint in this case must be regarded as an election; and, having filed the complaint in this case, the cross-complaint having been stricken, was of no force or effect.

The court proceeded upon the theory that, under our statute concerning divorce and alimony, unless the defendant should file a cross-complaint and pray for a divorce, the court could not hear testimony concerning acts which would entitle the defendant to a divorce. The statute is as follows:

"In all actions for divorce, the defendant may file a cross-complaint, in which may be set forth any legal grounds for divorce against the plaintiff; and if, upon trial thereof, both parties shall be found guilty of injuries or offenses which would entitle the

opposite party to a decree of divorce, then no divorce shall be granted to either party. And in all cases where a cross-complaint for a divorce shall be filed, the party filing the same shall be entitled to all the rights granted to a plaintiff by this act, and subjected to all the requirements of a plaintiff.''—3 Mills' Annotated Statutes, section 1566a.

We are of opinion that the court erred in excluding testimony concerning acts of cruelty alleged to have been committed by the plaintiff. The statute, in our opinion, does not require that a defendant, by cross-complaint, shall seek a divorce, but he may set up any act which would entitle him to a divorce for the purpose of defeating the action brought by the plaintiff. Public policy requires, whenever it shall appear, upon the trial of a suit for divorce, that the plaintiff and defendant have both violated the marriage obligation, that a divorce shall not be granted. In the case of *Ward v. Ward,* 25 Colo. 33, it is said:

''There are, in reality, three parties to every divorce action: The plaintiff, the defendant, and the state; and if there is any collusion or fraud between the parties, or if any facts are developed at the trial which make it inequitable or unjust for a divorce to be granted, the court must see to it that a decree for divorce is not entered.''

In the case of *Redington v. Redington,* 2 Colo. App. 8, it is said: ''It is a rule recognized in all courts, and applicable to all classes of actions, that every suitor who seeks redress at the hands of a court should come unfettered and unsullied by faults and wrongs of his own commission against the contending party. This principle has become aphorized in the law as 'clean hands.' It is plainly and palpably violated and infringed whenever a litigant who prays a divorce has been guilty of any act which,

under the statute, would furnish the defendant a cause of action as against him."

In the case of *Branch v. Branch*, 30 Colo. 499, the court held that: "The court has the right, in divorce proceedings, as representing the people, to take notice of the change of status of the parties or either of them, and that, when one of the parties to a suit for divorce remarries, pending an appeal to this court, that the party has not the right either to prosecute or defend in this court, and cannot be heard to question the correctness of the decision of the court, in a petition for rehearing."

The statute was not intended to change the policy which denies to one who has dishonored the marriage obligation the right to a divorce, nor was it intended to prohibit a defendant from showing that the plaintiff had violated his marital obligation and was, therefore, not entitled to a divorce. The legislature intended to permit a defendant to file a cross-complaint, and when filed, to fix the rights and requirements of the parties.

We are of opinion, therefore, that the court should have received evidence tending to establish cruelty on the part of the plaintiff, and that, in excluding from the jury a consideration of all such acts, the court erred.

The plaintiff contends that all the acts charged against him had been condoned, and that there was no proof or offer of proof that he had violated the marriage obligation after the condonation, and therefore that the defendant was not prejudiced by the court's ruling. The abstract shows that the defendant offered to show acts of cruelty committed by the plaintiff after the alleged condonation.

The contract mentioned in plaintiff's evidence, is a contract by the terms of which the parties forgave each other for past offenses, and agreed to live

together thereafter, and it was under this contract that the plaintiff claims that his acts, which the defendant alleges were acts in violation of the marriage obligation, were condoned.

The court erred in excluding evidence and in instructing the jury, and the cause must therefore be reversed. *Reversed.*

This case was argued and submitted prior to April 5, 1905.