[No. 4653.]

ELLIOTT V. ELLIOTT.

1. **Appellate Practice—Record—Bill of Exceptions—Dismissal.**

Where a case is presented in the supreme court upon the record proper the absence of a bill of exceptions and the fact that no exception was saved to the findings and decree of the lower court is not grounds for dismissing the writ of error, but the case will be reviewed upon the record proper.

2. **Divorce and Alimony—Separate Maintenance—Practice.**

In an action for divorce where the complaint shows that the primary object was to secure an absolute divorce, and alimony was a mere incident to the divorce, and the court found that by reason of the misconduct of both parties neither was entitled to a divorce and dismissed the complaint so far as it sought a divorce, it was error to decree alimony and separate maintenance to plaintiff, but the action should have been dismissed.

*Error to the County Court of the City and County of Denver:*
*Hon. Ben B. Lindsey, Judge.*

Mr. JOHN A. DE WEESE, Mr. EARL B. COE and Mr. CHARLES W. TANKERSLEY, for plaintiff in error.

Mr. HENRY HOWARD, JR., for defendant in error.

Mr. JUSTICE MAXWELL delivered the opinion of the court.

Action by defendant in error, as plaintiff in the court below, against plaintiff in error, as defendant, for a divorce and alimony.

A. common-law marriage, adultery and extreme cruelty were alleged; a divorce, suit money, temporary and permanent alimony were prayed.

The answer was a general denial and an affirmative defense that at the date of the alleged common-law marriage the defendant had a wife living, which fact plaintiff well knew. There was no reply.

Upon trial to a jury, a verdict was returned to the effect that there was a common-law marriage and that both parties had been guilty of adultery and extreme cruelty.

The court decreed that plaintiff and defendant are duly married and are husband and wife; that both were guilty of adultery and extreme cruelty; that neither party is entitled to a divorce, and that same is denied to both; that plaintiff's complaint is dismissed "so far only as she seeks a decree of divorce on the grounds set out in her said complaint, which are adultery and extreme cruelty;" that defendant pay forthwith the costs; that plaintiff is entitled to separate support and maintenance; that within ten days defendant pay to the clerk of the court for the use of plaintiff $25 and on the 15th day of each and every month a like sum of $25 until further order of the court, and within sixty days pay to the clerk of the court $150 as attorneys' fees.

Defendant in error moves to dismiss the writ of error upon the grounds: 1. That all questions raised by the assignments of error are raised in this court for the first time. 2. That there is no bill of exceptions and no exception was saved to the findings and decree of the court below.

This case is presented here upon the record proper.

The motion to dismiss is denied upon the authority of *Hume v. Robinson,* 23 Colo. 359, where it is said: "The case is presented here upon the record

proper, and numerous errors are assigned, but no exceptions having been taken or reserved on the trial in the court below, most of them cannot be considered on this review. In fact, it is insisted by counsel for defendants in error that for want of exception, duly reserved, to the findings and judgment of the court below, no error, however apparent from the record, can be considered, and in support of this claim cite several of the decisions of this court; but none of the cases cited nor any decision of this court supports this contention. Those cases are to the effect that unless an exception is taken and duly preserved to the judgment of the court below this court cannot review the evidence; but none of them go to the extent of holding that an exception is necessary to enable this court to review cases upon the record proper. As was said in the case of *Burton v. Snyder*, 21 Colo. 292: 'The jurisdiction of this court is frequently exercised to review cases upon the record proper in the absence of a bill of exceptions; and by the sections of the code referred to the motion interposed in this case is properly a part of such record. It will, of course, be conceded that the taking of an exception and preserving the same by bill is necessary to a review of the evidence, or upon the law as applied to the evidence, and the Colorado cases go no farther than this.' "

See also *Daum v. Conly*, 27 Colo. 56, 61; *Bitter v. L. I. Co.*, 10 Colo. App. 307, 309.

Applicable to the merits, pertinent provisions of the statute are:

"In all actions for divorce the defendant may file a cross complaint, in which may be set forth any legal grounds for divorce against the plaintiff; and if upon the trial thereof both parties shall be found guilty of injuries or offenses which would entitle the opposite party to a decree of divorce, then no divorce

shall be granted to either party."—3 Mills' Ann. Stats., sec. 1566a.

" * * * such court or judge may grant alimony and council [sel] fees *pendente lite* and when a divorce shall be decreed may make such order and decree touching the alimony and maintenance of the wife * * * as may be reasonable and just. * * * "—3 Mills' Ann. Stats., sec. 1567.

In obedience to the mandate of sec. 1566a, *supra,* the court was right in denying the divorce to either party, but that portion of the decree dismissing plaintiff's complaint so far only as it sought a divorce, and decreeing alimony to the plaintiff, was error.

This being an action under the statute for a divorce, the procedure and relief to be granted is controlled by the statute. Alimony should only have been awarded pursuant to the provisions of the statute. No divorce having been decreed, no order or decree touching alimony should have been made.— Sec. 1567, *supra.*

In *Redington v. Redington,* 2 Colo. App. 8-13, the court of appeals announced the rule which should control in cases of the character disclosed by this record. It is there said: "On the coming in of the verdict establishing the desertion by the husband, the court being advised by the wife's admission that she had been guilty of adultery, should have dismissed both bill and cross bill and left the parties bound by the tie which they had severally dishonored. Under these circumstances and with the pleadings and the suit in its present shape, the court should make no decree concerning alimony."

The force and effect of sec. 1567, *supra,* in actions of divorce is conceded by counsel for defendant in error, however, who maintains that this was a suit in equity—first, to establish a marriage; second, for a divorce on the grounds alleged, and third,

for a division of common property and for alimony, with costs of suit.

A sufficient answer to this contention is that the complaint filed herein does not contain averments sufficient to constitute a cause of action for separate support and maintenance.

Without reciting the averments contained in the two causes of action set forth in the complaint, it suffices to say it clearly appears therefrom that the primary object was to secure "an absolute divorce," as it is termed in the summons prepared by counsel, and alimony was a mere incident to the divorce.

Stripped of all allegations sufficient to constitute ·a cause of action for divorce, there is nothing left in the complaint upon which any relief could be predicated, so that when the court below dismissed the "plaintiff's complaint so far only as she seeks a decree of divorce" in effect the action was dismissed.

Further, this record discloses a state of facts which brings this case clearly within the rule announced in *Redington v. Redington, supra,* as follows: "It is a rule recognized in all courts and applicable to all classes of actions that every suitor who seeks redress at the hands of a court should come unfettered and unsullied by faults and wrongs of his own commission against the contending party. This principle has become aphorized in the law as 'clean hands.' It is plainly and palpably violated and infringed whenever a litigant who prays a divorce has been guilty of any act which under the statute would furnish the defendant a cause of action as against him. This alone ought to be sufficient to defeat the plaintiff's right of recovery, for she was guilty of a great offense against the marital obligation before she filed her bill. It has never been sufficient, even under the English authorities, to respond that even though this be true, you first sinned and I

may therefore recover. The law left them where it found them.''

Cited with approval in *Cupples v. Cupples,* 33 Colo. 449, 80 Pac. 1039.

*Mattox v. Mattox,* 2 Ohio 336, was a bill for a divorce, in which it appeared that both parties had been guilty of adultery. The court said:

''The bill must be dismissed. It would be a libel on the legislature to suppose that the statute was designed for the convenience of that class of characters to which these parties seem to belong. It was intended for the relief of injured innocence, not to encourage persons of loose morals, or rather of no morals at all, to live in the open, scandalous violation of the common rules of decency.

''This application is to the equitable jurisdiction of the court, and must be decided by the principles which prevail in courts of equity. The complainant must come with clean hands and a chaste character not stained with the same infamy and crime of which she complains. These parties are *in pari delicto,* and to grant relief to either of them would be offering a bounty to guilt. It would place the permanency of the marriage contract, in every case, at the disposal of the contracting parties, and remove one of the strongest motives to that correctness and chastity of conduct which is necessary to render the marriage state either pleasant or convenient.''

While it is true that the last two cases cited were actions for divorce, and the question of alimony was not involved, we think the rule therein announced a salutary one, which should be enforced where alimony is sought in such cases as this record presents.

Upon the coming in of the verdict in this case the court should have dismissed the action. In not having done so, error was committed which will

result in a reversal of the judgment, a remand of the cause with directions to enter an order of dismissal.

*Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concur.