No. 9947.

JONES *v.* JONES, ET AL.

Decided June 5, 1922.

Action for divorce.  Decree for plaintiff.

*Affirmed.*

1.  DIVORCE AND ALIMONY—*Decree.*  In an action for divorce where the verdict was for plaintiff on all the issues, and the court in its findings adopted and approved the findings and verdict of the jury with an express finding of desertion as alleged in the complaint, the findings were sufficient to support a decree for plaintiff, although silent as to the issues raised by the cross complaint.

2.      *Decree—Jurisdictional Facts.*  The jurisdictional facts being admitted by the pleadings, a decree for divorce is not void for failing to recite them.

3.  APPEAL AND ERROR—*Motion to Set Aside Findings.*  In an action for divorce, plaintiff in error having made no motion to set aside the findings of fact by the court, is in no position to complain of alleged defects therein on review.

4.      *Abstract—Record.*  Where there is a discrepancy between the abstract and original record, the latter imports absolute verity and will control.

5.  DIVORCE AND ALIMONY—*Condoned Adultery.*  Condoned adultery is not a bar to a divorce, because it is not a ground for divorce.

6.  APPEAL AND ERROR—*Bill of Exceptions.*  A record, although designated a "bill of exceptions", is not such where it has not been settled and signed by any judge.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. JOHN M. GLOVER, for plaintiff in error.

Mr. GEORGE A. CHASE, for defendants in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action for divorce. The complaint charges desertion. The defendant filed a cross-complaint charging cruelty, adultery, and nonsupport. A trial to a jury resulted in verdicts for plaintiff on all of the issues. Thereafter, and at the proper time, judgment was entered for plaintiff. Defendant brings the cause here for review.

The plaintiff in error contends that the decree is void, and should be reversed, because the findings of the court are silent as to the issues raised by the cross-complaint. The court in making its findings of fact, pursuant to the statute, alleges that it "adopts and approves the findings and verdict of the jury," and then expressly makes a finding upon the issue of desertion. The findings are sufficient to support the decree.

Other contentions are, in effect, that the decree is void for failing to recite jurisdictional facts relating to the marriage and the residence of the parties. The jurisdictional facts are admitted in the pleadings, and the decree is not void for failing to recite them. 19 C. J. 160; 23 Cyc. 848.

The record shows no motion to set aside the findings of fact, at any time, and plaintiff in error is in no position to complain of any alleged defects in the findings. The decree is consistent with the findings as they are.

A contention is also predicated on the assertion that the court's findings were filed after forty-eight hours had elapsed since the return of the verdict, which is true according to the printed abstract prepared by plaintiff in error, but it is not true according to the original record. The latter imports absolute verity.

The plaintiff in error complains of an instruction relating to the condonation of adultery. It is claimed that the instruction is wrong in assuming that a party may obtain a divorce even if it appear that he himself has been guilty of adultery, provided the adultery was condoned. Such assumption, however, would be correct. *Condoned*

adultery is not a bar to a divorce, because it is not a ground for divorce. Section 6 of the divorce act of 1917 (Ch. 65 S. L. 1917) provides that "if upon the trial * * * both parties shall be found guilty of any one or more of the causes for divorce, then a divorce shall not be granted to either of said parties." In the instant case only one party was found guilty of any cause for divorce. The argument of plaintiff in error appears to be aided by a quotation from *Redington v. Redington,* 2 Colo. App. 8, 29 Pac. 811, but that case is no longer authority on the point herein mentioned, since it was decided under the divorce act appearing in the General Laws of 1877, which denied a divorce if it should *appear* that both parties have been guilty of adultery.

What is designated as a bill of exceptions in this case is not a bill of exceptions, and has not been settled and signed by any judge. There is no reversible error in the record. The judgment is affirmed.

Mr. Justice Teller, sitting for Mr. Chief Justice Scott, and Mr. Justice Denison concur.