McCormick v. Basal.

## McCORMICK v. BASAL.

1. **Contract:** CONSTRUCTION: WARRANTY. Plaintiff having sold defendant a combined reaper and mower, with a warranty that if upon one day's trial it did not work well it should, upon notice thereof, be put in order, it was *held* that the purchaser was authorized to try it not only as a mower but also as a reaper, and that he was not bound to give notice under the contract until he had tried it for both uses.

*Appeal from Winneshiek Circuit Court.*

THURSDAY, APRIL 10.

In June, 1876, the defendant contracted with plaintiffs for one of their "Advance Combined Reapers." The contract

was in writing, and contained the following warranty: "These machines are all warranted to be well made, of good material, and durable, with proper care. If, upon one day's trial, the machine should not work well, the purchaser shall give immediate notice to said McCormicks, or their agent, and allow time to send a person to put it in order. If it cannot be made to work well it will be taken back, and the cash payment refunded."

It is averred in the petition that the said machine was ready for delivery at the time and place specified in said contract, and was at that time delivered to and accepted by defendant; that defendant expressly renounced said contract, and that plaintiffs performed all the conditions precedent by them to be performed under the terms thereof; that by reason of said renunciation plaintiffs have been damaged in the sum of two hundred dollars, for which they ask judgment. The answer admits the making of the contract and the delivery of the machine, but avers that the same did not comply with the terms of the warranty in that it did not do good work; "that on the first and second days that defendant tried it, it did not do good work and could not be made to do good work; that plaintiffs were present on both of said days and they could not make the same work; that defendant gave immediate notice to plaintiffs' agent that it would not work, and said agent tried and could not make it work well, and after plaintiffs had two fair trials they refused to try more;" that thereupon defendant refused to have said machine and returned it. There was a trial by jury, and a judgment and verdict for the defendant. Plaintiffs appeal.

*Willett & Willett*, for appellants.

*L. Bullis*, for appellee.

ROTHROCK, J.—The plaintiffs requested the court to instruct the jury as follows:

"By the terms of the warranty defendant, if the machine

McCormick v. Basal.

did not operate well, after one day's trial was bound to notify plaintiffs that the machine did not operate well. The undisputed evidence is that the defendant used this machine mowing grass over one day without giving any notice to plaintiffs. Defendant had no right to rescind, and you must find for plaintiffs for the amount agreed to be paid."

*1. CONTRACT: construction: warranty.*

The court refused this instruction and gave the following:

"The fact that the machine worked well as a mower would not, of itself, be a compliance with the warranty. It must also be made to work well as a reaper, or the defendant would be under no obligation to keep it, unless, as before stated, the failure to make it work was his (defendant's) fault."

It is urged that this action of the court was erroneous. We think the construction given to the warranty by the court's instruction was correct, and that the refusal to give that asked was not erroneous. It is true the defendant did mow grass with the machine for more than one day before he commenced to use it to reap grain. But his contract was not for a mower only—it was for a combined machine that would both mow and reap. It appears from the evidence that the machine, when used as a mower, has a four-foot bar, and when used as a reaper a five-foot bar, and the platform and rake-head are put on. A small pinion is used in mowing, and a larger one in reaping, because slower motion is required for reaping than for mowing. It would be an unreasonable and unfair construction of the contract to hold that the purchaser is without remedy upon the warranty because, before his grain was sufficiently ripe to reap, he mowed hay for more than one day. He was entitled to one day's trial of the machine with the reaping apparatus attached. There could have been no complete trial without a trial of all the parts and combinations in form to do the work for which the machine was warranted.

II. The court instructed the jury that in order to justify the defendant in repudiating the contract it must appear

from the evidence that he used reasonable skill and diligence in operating the machine. It is insisted that the verdict is contrary to the evidence and this instruction, because the undisputed evidence is that the design of the machine was that the driver of the team should ride upon the machine; that defendant was so informed and refused to ride, and if the machine failed to work well it was by reason of such refusal.

It is true the agents of plaintiffs testify that the machine will not work well unless some one rides in the driver's seat, and that defendant refused to ride. But other evidence shows that one Johnson, plaintiffs' agent, was present the greater part of the first day, and that his business there was to make the machine work well; that he said the machine did not work well, and that he would send some one up next day to fix it; that Johnson got on the reaper himself, and was more than an hour trying to get around a certain piece of grain; that another agent appeared next day and the machine worked no better. Considering this and other evidence in the case, we think the jury were fairly warranted in finding that the failure of the machine to work was not attributable to any act or want of diligence on the part of the defendant.

AFFIRMED.