[No. 3645.]

WARD v. WARD.

</div>

1. PLEADING—CROSS-COMPLAINT—DIVORCE.

A cross-complaint in a divorce suit which in substance alleged that plaintiff falsely and maliciously and without probable cause, and without notice to defendant, obtained from the court a mandatory writ of injunction under and by virtue of which plaintiff expelled defendant from his home, which caused defendant great mental suffering, stated a cause of action for divorce, and it was erroneous to refuse to admit testimony in support of such cross-complaint, on the ground that it did not state a cause of action for divorce.

2. PRACTICE—VERDICT OF JURY—DIVORCE.

In a suit for divorce where the defendant files a cross-complaint setting forth legal grounds for divorce against plaintiff, it is the duty of

the court under our statute (3 Mills' Ann. Stats. sec. 1566 a) to require the jury to find on the issues raised by the cross-complaint as well as on the issues raised by the original complaint; in other words, to find upon the issues as to defendant's cause of action as well as to plaintiff's. And where there was evidence tending to support defendant's cause of action, it was error to receive and record a verdict that failed to find upon that issue, and defendant could not waive the objection.

3. INSTRUCTIONS—WITNESSES—FALSE TESTIMONY.

An instruction in which the jury were told that if they believed "that any witness has testified falsely in reference to any material fact, then you are at liberty to disregard the entire testimony of such witness, except so far as it may have been corroborated by other competent testimony," was erroneous. The jury should have been instructed that such false testimony must be willfully or intentionally false.

*Appeal from the District Court of Arapahoe County.*

THE appellee, plaintiff in the district court, brought this action for divorce against her husband Robert Ward, the appellant, as defendant below, upon the two grounds of nonsupport and, in the language of our statute, " extreme or repeated acts of cruelty." The defendant filed an answer denying the allegations of the complaint, and therein, and by way of cross-complaint, under four separate statements, charged plaintiff with extreme and repeated acts of cruelty to him. By leave of court, an " additional cross-complaint" was filed by the defendant containing five other causes of action of the same nature. These acts of cruelty were not set up by defendant for the purpose of obtaining a decree of divorce from plaintiff, but, under our statute, to defeat her in the attempt to secure such relief from him. There was a replication denying all the new matter set up by the defendant in his pleadings.

Upon the issues thus joined there was a trial before a jury, as our statute on Divorce and Alimony (Session Laws, 1893, p. 236) requires, and, as the bill of exceptions recites, evidence was produced by the plaintiff tending to sustain the allegations of her complaint, and by the defendant to sustain the allegations of his answer and cross-complaints, with the

exception of the second and third grounds of divorce set up in the second cross-complaint; but the court refused the offer of the defendant to sustain them for the reason that neither set forth facts sufficient to constitute a cause of divorce under the statute.

Upon the trial the court prepared forms of verdict for the jury's findings upon the causes of action alleged by both of the parties. The verdict, as returned by the jury, was in the following language:

" We, the jury, find that the defendant, being in good bodily health, has failed to make reasonable provisions for the support of his family for the space of one year; that the defendant has been guilty of extreme or repeated acts of cruelty towards the plaintiff."

Upon its return, the court inquired of the jury, as the defendant claims, as to whether they had "*considered*" the grounds of divorce alleged by the defendant in his cross-complaints, to which the foreman replied that they had not, which reply was acquiesced in by the entire jury. This inquiry, as the plaintiff claims, was in this language: " You have not *found* on the defendant's cross-complaint? " and the foreman replied, " We did not consider it necessary." The judge of the court, in certifying the bill of exceptions, states that, in the absence of any notes taken by the stenographer, and not having any personal recollection of what occurred, he was unable to determine the point in dispute. But the record recites that the court, at this juncture, inquired of the attorneys what should be done with the verdict; and thereupon the attorney for the defendant maintained that, as the jury had sealed their verdict and separated (which was true), they were not competent further to consider the case; and thereupon the attorney for the plaintiff insisting that the verdict was sufficient, the court, without requiring the jury to find the issues upon the alleged grounds of divorce set up in the cross-complaint, discharged them, and upon the verdict, as returned, after overruling defendant's motion for a new trial, entered a decree in favor of the

plaintiff dissolving the bonds of matrimony between the parties. From the decree as entered the defendant has appealed to this court.

Mr H. B. JOHNSON, for appellant.

Mr. H. N. SALES and Mr. L. J. LAWS, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The principal errors assigned and argued here are, (1) the ruling of the court to the effect that the second and third grounds of divorce, as set up in defendant's additional cross-complaint, were not sufficient to constitute causes of action; (2) certain rulings of the court in giving, refusing and modifying instructions; (3) the action of the court in receiving an incomplete verdict, and in not requiring the jury to pass upon all the issues tried.

In the second and third causes of action found in the additional cross-complaint, the defendant in substance charges that the plaintiff falsely and maliciously and without probable cause, and without notice to the defendant, obtained from the district court of Arapahoe county two mandatory writs of injunction, under and by virtue of which the plaintiff ejected and expelled the defendant from his home, which caused him great mental suffering. In the second cause of action the allegation is that the writ was obtained in division 2 of the district court; and in the third, that it was issued out of division 4. Such writs issued without notice are absolutely void. *Newman v. Bullock*, 23 Colo. 217; *Smith v. People*, 2 Colo. App. 94.

We are not advised from the record in what respect these causes of action were deemed insufficient; but we are satisfied from our examination that each states a cause of action, and that the ruling of the court in excluding evidence for the reasons assigned was erroneous.

Counsel for appellee endeavor to sustain this ruling, first, upon the ground that the district court, in which the present action was pending, was bound to take judicial notice of its own previous judgments and orders in other cases between these parties, and that it would be improper for the court in this case to permit the defendant below in a collateral proceeding thus to attack them. It needs no argument to show the fallacy of this position, as bearing upon the question of the sufficiency of a pleading; and assuming, as we must, in the absence of a denial, that the facts alleged are true, they certainly constitute grounds for divorce under our statute.

Counsel further attempt to uphold this ruling by indulging in the supposition that the district court, after hearing evidence in support of these two charges, may have struck it out on plaintiff's motion because it did not sustain, or tend to sustain, their averments; and that this court, upon appeal, cannot say, in the absence of a bill of exceptions containing the evidence, that the ruling of the district court upon this ground was improper. But the bill of exceptions, while not containing the evidence, negatives any such supposition by expressly reciting that all evidence offered to prove them was rejected for the reason that the facts alleged, as a matter of law, did not constitute any ground of divorce.

In our view, it is immaterial whether, when the jury returned the verdict which is found in the record, the court inquired, as claimed by defendant, whether they had "*considered*," the grounds of divorce alleged by the defendant in his cross-complaint, or whether, as contended for by the plaintiff, the inquiry of the jury was if they had "*found*" on the defendant's cross-complaint; for in either event it was manifestly the duty of the court to require the jury to find not only upon the issues raised by the complaint and the answer, —or, in other words, find the issues as to plaintiff's causes of action,—but also to find the issues tendered by the cross-complaints and the replication, or as to the defendant's alleged causes of action.

If this were an ordinary civil action between individual litigants in the decision of which the public was not interested, it may be that the conduct of the defendant in maintaining that the jury, after having separated, should not be directed by the court to return to their jury room and pass upon the defendant's grounds of divorce,—would have constituted a waiver of the irregularity, notwithstanding the fact that the jury did not pass upon all the issues in the case. But, however that may be, under the authorities generally, and particularly under the decisions of this court in *Gilpin v. Gilpin*, 12 Colo. 504, and of the court of appeals in *Redington v. Redington*, 2 Colo. App. 8, there are, in reality, three parties to every divorce action,—the plaintiff, the defendant, and the state; and if there is any collusion or fraud between the parties, or if any facts are developed at the trial which make it inequitable or unjust for a divorce to be granted, the court must see to it that a decree for divorce is not entered.

This doctrine finds express legislative sanction in section 8 of our present divorce statute (Session Laws, 1893, p. 240), where it is provided that: "In all actions for divorce the defendant may file a cross-complaint, in which may be set forth any legal grounds for divorce against the plaintiff; and if upon the trial thereof both parties shall be found guilty of injuries or offenses which would entitle the opposite party to a decree of divorce, then no divorce shall be granted to either party." If there was evidence tending to sustain defendant's charges, as the trial court expressly recites, and as is further attested by its submission to the jury of a form of verdict applicable thereto,—without regard to the fact (if it be a fact) that either or both of the parties may have waived it, and are estopped now to complain of its omission—it was certainly the duty of the court, in the interests of the state and to conserve public morals, to require the jury to find upon all the issues tried. It follows that it was error to receive and record the verdict returned, finding only upon a portion of the issues.

The evidence not having been brought up in the record, and it not satisfactorily appearing that objections were taken to the giving of the instructions and exceptions preserved to the court's rulings, now assigned for error; and, in the present state of the record, it being impossible to ascertain in what respect, if any, the court modified the instructions asked by the defendant, we shall not consider the errors assigned to the giving, refusing, or modifying of any of the instructions, except No. 18, which was given by the court apparently of its own motion. In this instruction the jury were told that if they believed " that any witness who has testified in this case during the trial has testified falsely in reference to any material fact, then you are at liberty to disregard the entire testimony of that witness, except in so far as it may have been corroborated by other competent testimony."

This instruction is wrong. Thereby the jury are advised that they are at liberty to disregard the testimony of a witness who may have spoken falsely, even though he may have done so through an honest mistake. If there was evidence upon which to predicate an instruction of this kind, the element of willful or corrupt intent should have been embodied in it. *Gottlieb v. Hartman,* 3 Colo. 53; *Last Chance M. & M. Co. v. Ames,* 23 Colo. 167.

For the errors pointed out, the decree will be reversed, and the cause remanded.

*Reversed.*