BESSIE HANCOCK v. JOHN N. HANCOCK, Appellant.

**Temporary alimony:** APPEAL. An order for temporary alimony less in amount than $100 will not preclude an appeal therefrom where from the pleadings it is apparent that there is more than $100 involved in the controversy.

Separate maintenance: DENIAL OF RIGHT TO DEFEND. The allowance
2   of temporary alimony simply upon the allegations of the pe-
     tition for separate maintenance will not justify an order deny-
     ing the defendant's right to defend the action prior to pay-
     ment thereof; it must be made to appear that he is in con-
     tempt for failure to comply with the order for payment of ali-
     mony.

*Appeal from Allamakee District Court.*— HON. L. E. FEL-
LOWS, Judge.

TUESDAY, DECEMBER 11, 1906.

REHEARING DENIED, MONDAY, MAY 20, 1907.

SUIT in equity for separate maintenance. An applica-
tion for temporary alimony and suit money was filed before
the defendant answered and the court allowed the same in
the sum of $75, and ordered that the same be paid within a
certain time, and that such payment be a condition precedent
to any defense in the case. The defendant appeals from the
order as an entirety. *Affirmed* in part, and *reversed* in part.

*William S. Hart,* for appellant.

*E. R. Otis* and *D. J. Murphy,* for appellee.

SHERWIN, J.— The petition was filed December, 1902,
alleging the marriage of the parties in April of the same
year, and that the defendant deserted plaintiff immediately
thereafter without reasonable or just cause therefor, and
that ever since said desertion he has wholly neglected and
refused to support the plaintiff or contribute anything thereto.
The petition further alleges that the plaintiff has no means
of supporting herself and child except by her personal earn-
ings and that her health is such that she is not able to work,
and that the defendant has property subject to execution.
In September, 1903, and again in September, 1904, the
plaintiff filed amendments to her petition; in the latter alleg-

ing that the defendant was the owner of personal property of the value of more than $500, and of an interest in real estate situated in Allamakee county. Following this last amendment an application for temporary alimony and suit money was made, repeating in substance the allegations of the petition and amendments thereto relating to the defendant's property. In December, 1904, the defendant answered, admitting the marriage and one or two other formal parts of the petition, but denying all of the other allegations of the petition and amendments thereto. In April, 1905, the court entered the order appealed from.

The appellee makes the point that this court cannot review the order of the trial court granting temporary alimony for the reason that the amount ordered paid is less than

1. TEMPORARY ALIMONY: appeal. $100 and there is no certificate of the trial judge as required by section 4110 of the Code. There is no merit in the appellee's position. The amount allowed, or the amount of the judgment does not necessarily determine the amount in controversy. The statute provides " that no appeal shall be taken in any cause in which the amount in controversy between the parties, as shown by the pleadings, does not exceed $100." We have held under this statute that the amount in controversy is to be determined from the pleadings and not from the judgment. *Fullerton v. Railway Co.,* 101 Iowa, 156; *Bank v. Bourdelais,* 109 Iowa, 497. When the amount in controversy appears by the pleadings to exceed $100, an appeal may be taken to this court without a certificate of the trial judge. *Ormsby v. Nolan,* 69 Iowa, 130. The petition and the amendments thereto clearly show that the plaintiff claims of the defendant an amount largely in excess of $100, and it is clear that we have jurisdiction of the case on appeal.

No showing other than that made by the petition and its amendments, and by the application for temporary alimony was made with reference to the defendant's property or the condition thereof. It is manifest, therefore, that the

court erroneously ordered that the defendant should not be

**2. SEPARATE MAINTENANCE: denial of right to defend.** permitted to interpose his defense to the action except upon payment of the amount allowed as alimony. The question presented by this record on this branch of the case is not a new one in this State. In *Peel v. Peel,* 50 Iowa, 524, the precise question was considered and determined adversely to the appellee's contention. The only possible distinction that can be made between the *Peel* case and this one lies in the fact that in the former the action was for a divorce and alimony, while in the instant case the suit is for separate maintenance and alimony. There is in fact no difference in the principle governing the two cases. Separate maintenance is allowed only upon a showing which would authorize the court to grant an absolute divorce. If any distinction were possible, it would necessarily operate against the contention of the appellee, because in this suit the ground on which separate maintenance is predicated is desertion, and hence the only real question entering into the judgment is a question of the defendant's liability for, and ability to furnish, such support. In the *Peel* case, *supra,* the wife was the plaintiff, and the order was made requiring the husband to pay her temporary alimony. The order was not complied with, and, thereafter, the defendant's answer was stricken because thereof. We held the order erroneous, and said: "It does not follow, as a matter of course, that a defendant is guilty of an intentional contempt of the court's authority by failure to pay the money as required by the order of the court. Misfortune, mistake, inability arising from disease of mind or body or from poverty, if shown as a reason of nonsupport, would surely have purged the defendant from contempt." We further held in the same case that, if the defendant was not in contempt under the circumstances there shown, there was no ground upon which a justification of the order to strike could be based. In other words, in cases of this kind, a party can only be denied the right to prosecute his action

if the plaintiff, or to defend if the action be brought against him, where it appears to the court that he is in contempt for not complying with an order for alimony. Following the *Peel* case, we held in *Baily v. Baily,* 69 Iowa, 77, that the enforcement of a decree for alimony depends to some extent upon the statute and said: " It is provided by the statute that judgments or orders requiring the payment of money or the delivery of the possession of property are to be enforced by execution. Obedience to those requiring the performance of any other act is to be coerced by attachment for contempt." And we held that the defendant could not be deprived of his right to defend the action because of his failure to comply with the order for alimony. The same rule was followed in *Allen v. Allen,* 72 Iowa, 502.

It is said by the appellee, however, that the courts have the inherent right to punish a failure to comply with an order for alimony whenever it shall appear that the party so ordered is contumacious. It is undoubtedly true that such has been the holding in some jurisdictions; but that question is not now before us for consideration, for here the order granting the alimony was coupled with the condition of which complaint is made, and there was absolutely no showing that the plaintiff could not or would not comply therewith; hence it cannot be said that the defendant was contumacious or in contempt.

The appellant contends that the order for alimony should not have been made because of the insufficiency of the showing therefor. It may be conceded that the showing is not a strong one, and yet we think there is sufficient in the pleadings and in the application for alimony to warrant the allowance, notwithstanding the denial of the defendant's answer. As we understand the record, no specific objection was made to the application.

The order allowing alimony in the sum of $75 will stand affirmed. In all other respects, it is reversed, and the case is remanded for proceedings not inconsistent with this opinion.— *Affirmed* in part and *reserved* in part.