[No. 7130.]

### GARVER V. GARVER.

1.  DIVORCE—*The state a Party in Interest—Duty of the Court.* In every action for divorce the state is a party, and if it appears that the action is collusive, or if upon the facts developed a divorce ought not to be granted, it is the duty of the court to deny it—(229).

In such action it is error to receive a verdict which fails to respond to counter charge of violation of marital duties pleaded in answer—(230).

A cross complaint, defective because omitting a jurisdictional averment so that no divorce can be awarded thereon to the defendant, must be investigated, and may serve to defeat the action —(230).

If upon the testimony presented, the wife applying for the divorce appears to have been herself guilty of willful desertion, it is the duty of the court, upon its own motion, to deny her application—(231).

2.  EVIDENCE—*Preponderance—Number of Witnesses.* The preponderance of the evidence is never determined by the mere number of witnesses, though they be of equal candor, fairness, intelligence, and truthfulness, equally without interest, and equally corroborated—(232).

Their opportunities, respectively, to know whereof they speak, their manner in giving testimony, and many other circumstances are to be taken into consideration—(232).

3. INSTRUCTIONS—*Prolixity—Censured*—(232).

4. APPEALS—*Bill of Exceptions—Where necessary*—An instruction which is erroneous upon any conceivable state of facts is fatal error, even though the evidence is not preserved in the bill of exception—(233).

*Error to Morgan County Court.*—HON. M. M. HOUSE, Judge.

MR. JAMES E. JEWEL, for plaintiff in error.

Messrs. TAYLOR & PENDELL, for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the court:

The defendant in error instituted a suit against her husband, who is plaintiff in error here, to obtain a divorce on the grounds of desertion and non-support. She also prayed for the custody and control of a minor child. The husband filed an answer denying the allegations of wrong-doing on his part, and, by way of cross-complaint, charged defendant in error with willful desertion and abandonment. The cross-complaint was not interposed for the purpose of obtaining a decree of divorce, but under the statute, to defeat defendant in error in her attempt to secure such relief. A replication to the answer and cross-complaint was filed, and a jury trial had. The issues as presented in the complaint, and likewise the cross-complaint, were submitted to the jury. The court also prepared and submitted forms of verdict upon the causes of action alleged by each of the parties. The only verdict or finding returned by the jury was as follows: "We the jury, duly empanelled and sworn to try the

issues in the above entitled cause, find the issues in favor of the plaintiff upon the grounds of non-support, and recommend that plaintiff pay the costs."

Upon the return of the verdict the defendant objected to its reception and entry, upon the ground that it was contrary to the instructions of the court, and on the following day, interposed the further objection, that no finding had been made on the cross-complaint. These objections were again presented to the court in a motion for a new trial. The objections were disregarded, exceptions saved, and judgment and decree entered·upon the verdict.

Upon the trial of an action for divorce if both parties shall be found guilty of injuries or offenses which would entitle the other party to a decree, no divorce shall be granted to either party. Section 2117, R. S. The law further provides, substantially, that, if in any such case it appears, or the court has reason to believe that the injury or offense complained of was committed under collusion or agreement between the parties for the purpose of obtaining a divorce, the court shall fully investigate the same, and if it so finds the facts, the suit shall be dismissed. Section 2121, R. S.

It has been frequently declared, that in every divorce action there are three parties,—the plaintiff, the defendant, and the state: "and if there is any collusion or fraud between the parties, or if any facts are developed at the trial which make it inequitable or unjust for a divorce to be granted, the court must see to it that a decree for divorce is not entered."—*Ward v. Ward*, 25 Colo. 33, 38; *Gilpin v. Gilpin*, 12 Colo. 504; *Redington v. Redington*, 2 Colo. App. 8.

So, if there was evidence either sustaining, or tending to sustain the charges made by the husband, it was

the duty of the court, "in the interests of the state and to conserve public morals, to fully investigate the charge and to require the jury to make a finding upon all the issues" presented by the pleadings. While the evidence is not before us, the answer and cross-complaint, to which the husband attached his sworn verification, set forth facts that should be investigated, and which, if true, would prevent a divorce decree in favor of the wife. Moreover, the court expressly instructed the jury upon the allegations of wrongdoing charged by the husband against the wife, and submitted to the jury a form of verdict applicable thereto. Under these circumstances, it must be presumed that such issue was in the case and submitted to the jury, and it was error to receive and record the verdict returned as it was upon a portion of the issues only.—*Ward v. Ward, supra.*

It is claimed, however, that the cross-complaint does not state facts sufficient to constitute a cause of action, and that, therefore, the grounds for divorce therein alleged against the wife were not properly before the court. The particular defects pointed out are, that it fails to allege that cross-complainant does not ask or seek alimony in excess of the sum of $2,000. No objections were interposed to the cross-complaint in the court below, and while it may be true that the objection here urged may be raised at any time, nevertheless, we think it will not avail defendant in error in this suit. It is probably true, that without such jurisdictional facts appearing in the cross-complaint, no divorce could be awarded thereon. Notwithstanding this, the instrument called a cross-complaint may, nevertheless, serve a purpose. As anything which may prevent a decree in favor of a plaintiff in a divorce suit is necessarily a defense thereto, the allegations of wrongdoing by the wife might properly have

been pleaded in an answer. Furthermore, if it should have appeared at the trial of the cause that defendant in error had been guilty of willful desertion of plaintiff in error, as defined in the statute, it would have been the duty of the court, upon its own motion, to have denied the divorce.

Defendant in error asserts that the jury, "after being out all night and part of the following day, and being unable to agree, returned into court and asked for additional instructions," which, by agreement of counsel, the court gave, and thereby relieved the jury of the necessity of making a formal finding upon the matters set forth in the cross-complaint. It is quite doubtful, under the law and the circumstances of this case, if the court and counsel, severally or jointly, possessed such power. If the cross-complaint presented an issue distinct from the complaint and answer, which was supported by the evidence, they certainly did not. Such is the effect of the holding in *Ward v. Ward, supra.* Moreover, as the parties and the court acted upon the assumption that the cross-complaint stated a cause of action, and the case was so tried and submitted to the jury, and it is a case in which the state is vitally interested, we shall decline to ascribe a meaning to the instruction given that would deprive the state and plaintiff in error of a substantial right, and render it easy for defendant in error to secure a divorce. We do not think it was ever intended that the instruction in question should withdraw from the consideration of the jury any of the issues submitted.

The defendant in error requested, and the court gave, an instruction, "that although the preponderance of the evidence is not always determined by the number of witnesses testifying in a case, yet if in a case there are only one or two witnesses who testify to a given state of facts,

and six or seven witnesses of equal candor, fairness, in-telligence and truthfulness, and equally well corroborated by all the other evidence, and who have no great interest in the result of the suit, testify against such facts, then the preponderance of the evidence is determined by the number of witnesses." The instruction is clearly erro-neous. It suggests a comparison of the number of wit-nesses testifying on either side,—is a comment upon the evidence—and is an erroneous rule. The preponderance of the evidence is never determined by the number of wit-nesses, but by the greater weight of all the evidence. And the greater weight does not necessarily mean a greater number of witnesses who testify on either side of the issue or issues involved. Witnesses may be of "equal candor, fairness, intelligence and truthfulness," and be equally well corroborated by all the other evidence, and may have no great interest in the result of the suit, yet the weight to be given their respective testimony may differ maté-rially. The opportunity for knowledge, the information possessed, the manner of testifying, and many other things that go to convince the mind, must be taken into consideration.

The court, at the request of the parties, at the close of the case, burdened the jury with twenty-one instruc-tions: ten given at the request of defendant in error, nine at the request of plaintiff in error, and two of its own motion. The jury were further advised, after being out a considerable time and unable to agree, in a lengthy in-struction given by mutual consent. Many of these in-structions are erroneous. Some contradict others, and contain numerous comments on the weight of the evi-dence. We believe juries would be better advised, and be more able to arrive at just conclusions, if a less number of instructions were submitted, and greater care exer-

cised in the preparation of those given than is manifest in this case.

While it is true, as claimed by defendant in error, if the evidence be not preserved by bill of exceptions, an instruction, erroneous as an abstract proposition of law, but which, as applied to a particular state of facts, may be correct, will not necessarily require the reversal of a case; nevertheless, a contrary rule exists, and must be applied where the instruction is clearly erroneous and could not. be applied as a correct proposition of law to any conceivable state of facts. Such is this case, and the judgment must be, and is, reversed.

*Judgment reversed.*

MR. JUSTICE MUSSER and MR. JUSTICE BAILEY concur.