| 50 | 521 |
| f134 | 478 |
| 134 | 479 |

## PEEL v. PEEL.

1. **Divorce: ALIMONY: PRACTICE.** In an action for divorce by the wife, the failure of the husband to obey an order of the court directing the payment of alimony will only in extreme cases authorize the striking of his answer from the files.

2. ——: ——: ——. Where the wife is defendant the failure or refusal to comply with the order may very properly be punished by striking the petition or dismissing the case.

*Appeal from Johnson Circuit Court.*

THURSDAY, APRIL 10.

ACTION for divorce and alimony.   There was a decree for plaintiff.   Defendant appeals.   The facts of the case appear in the opinion.

*Fairall, Bonorden & Ranck,* for appellant.

*Remley & Swisher,* for appellee.

BECK, CH. J.—I.   At the October Term, 1876, the court entered an order requiring the defendant to pay plaintiff fifty dollars as temporary alimony.   At the following March Term the plaintiff moved to strike defendant's answer for the reason that he had failed to pay the money specified in the order for alimony.   The failure of defendant was shown to the court, and thereupon he asked leave to show cause why he had failed to comply with the order, which was refused, and the motion to strike his answer was sustained.   Thereupon the cause was tried upon the petition and testimony introduced by plaintiff.

II.   The court, we think, erred in refusing defendant leave to show cause why he had not obeyed the order.

It does not follow, as a matter of course, that defendant was guilty of an intentional contempt of the court's authority

1. DIVORCE: alimony: practice. by failure to pay the money as required by the order of the court.   Misfortune, mistake, inability arising from disease of mind or body, or from poverty, if shown as the reason of non-payment, would surely have purged defendant from contempt.   If not in contempt, there is no ground upon which a justification of the order to strike can be based.   Surely equity will not close its ear to the honest party who shows his misfortunes or poverty as an excuse for failure to obey its order.   It is never too late for a party, either in a court of law or chancery, to show that he is not chargeable with contempt.

· While we are not prepared to hold that a defendant in a divorce case, failing or refusing to obey an order for payment of alimony, may in no case be lawfully visited with punishment by striking his answer, the authority should be exercised only in extreme cases, when other punishment cannot be inflicted or will not enforce obedience. It will not do to hold that the marriage relation may be dissolved on the ground of defendant's inability to pay a sum awarded as alimony, or because of his recusancy.

, In case of a plaintiff who is ordered to pay a sum to enable his wife to resist his application for a divorce, disobedience. 2. ——: ——; may well be punished by striking the petition or dismissing his case. The alimony in such case is allowed to enable his wife to establish her innocence. The dismissal of the action would not affect the rights or condition of the parties. In the case before us the striking of the answer resulted in a decree of divorce without a full investigation into the merits of the controversy.

For the error in refusing to permit defendant to show cause in excuse of his disobedience of the order for payment of alimony, the decree of the Circuit Court is reversed, and the cause is remanded.

REVERSED.