69 77
134 479

BAILY v. BAILY.

1. **Divorce**: REFUSAL TO PAY TEMPORARY ALIMONY: RIGHT TO DEFEND: PUBLIC POLICY. The refusal of a defendant in a divorce proceeding to pay a judgment for temporary alimony is not a contempt of court, and does not deprive him of the right to defend. Public policy requires that the marriage relation should not be severed for an insufficient cause, and that the defendant should have the opportunity to be heard, unless his right is clearly cut off by statute.

*Appeal from Ringgold Circuit Court.*

SATURDAY, JUNE 12.

ACTION FOR A DIVORCE. Decree for the plaintiff and defendant appeals.

*R. F. Askren* and *Laughlin & Campbell*, for appellant.

*Henry & Spence*, for appellee.

SEEVERS, J.—Upon the application of the plaintiff, the court "ordered that the defendant pay to the clerk of this court, for the benefit of the plaintiff's attorneys, fifty dollars,

and plaintiff fifty dollars, against Friday morning next, and in default of such payment then judgment therefor." On the same day the order was made the defendant moved the court to extend the time within which he was ordered to pay the temporary alimony, and supported the motion by affidavits. This motion was overruled. The defendant moved the court to continue the cause, and order that it be heard on depositions. This motion was overruled, and the court ordered that it should be "heard on oral evidence taken in open court." Thereupon the case was called for trial. The defendant asked to be permitted to urge his defense, as pleaded by him. This was refused, and the court, against the defendant's objections, permitted and allowed plaintiff to proceed and introduce evidence to sustain the allegations of her petition, "and offered to permit defendant to cross-examine the witnesses introduced by plaintiff; and defendant asked the court and offered to introduce evidence both on the question of divorce and that of alimony, and the court refused, and would not permit defendant to introduce proof of any allegations of defendant's answer, nor to controvert the allegations of plaintiff's petition, nor to controvert any fact testified to by the plaintiff's witnesses." To this order the defendant excepted, and we are required to determine whether the court erred in this respect.

The grounds upon which a divorce was asked were controverted in the pleadings filed by the defendant. The only adjudged cases cited by counsel in favor of their respective theories are *Peel v. Peel*, 50 Iowa, 521, and *Maben v. Maben*, 67 Iowa, 284. Neither of these cases has any material bearing upon the question to be determined. The English practice is referred to in 2 Bish. Mar. & Div., § 498; and it is there stated that the question as to the enforcement of a decree for alimony depends somewhat on the statutes of the several states of this country. This is undoubtedly true. Under the statutes of some of the states and the present English practice, a failure to comply with an order of the court

granting temporary alimony is regarded as a contempt, and its payment is enforced by the commitment of the husband. It is probably true that a party who is in contempt has no right to be heard in defense of the action in which it has been so adjudged. It was so held in New York by the court of appeals, in *Walker v. Walker*, 59 How. Pr., 476. In *McClung v. McClung*, 40 Mich., 493, it was held that the time to take proofs would not be extended to a party who was in contempt for refusing to pay temporary alimony.

The order under consideration simply directs the payment of money, and, upon default being made, judgment therefor is directed to be entered. It is provided by statute that "judgments or orders requiring the payment of money, or the delivery of the possession of property, are to be enforced by execution. Obedience to those requiring the performance of any other act is to be coerced by attachment for contempt." Code, § 3026. It is evident that the defendant, by his failure to comply with the order, was not guilty of a contempt, and, as the order must be enforced by execution, it seems necessarily to follow that he cannot be deprived of his right to defend the action because of such failure. Especially is this true in an action where a divorce is sought. Public policy requires that the marriage relation should not be sundered for an insufficient cause. Consent decrees for divorces cannot be tolerated or upheld. It is true, default may be made; that is, a party may decline to defend, and in such case a divorce may be obtained on the evidence introduced by the plaintiff alone; but where a party actually desires to defend, and files pleadings controverting the ground relied on, public policy requires that he should have the opportunity to be heard, unless such right is cut off by statute.

The judgment of the circuit court must be

REVERSED.