## ALLEN v. ALLEN.

1. **Divorce**: FAILURE OF DEFENDANT TO PAY TEMPORARY ALIMONY: CONTEMPT: STRIKING ANSWER FROM FILES. A defendant in a divorce suit is not in contempt of court by refusing or failing to obey an order to pay temporary alimony, and it is error to strike his answer from the files on account of such refusal or failure. (Compare *Peel v. Peel*, 50 Iowa, 521, and *Baily v. Baily*, 69 Id., 77.)

*Appeal from Jackson Circuit Court* — HON. A. J. LEFFING-WELL, *Judge.*

MONDAY, OCTOBER 10.

THIS is an action for divorce. There was a decree for the plaintiff, and the defendant appeals.

*D. A. Wynkoop*, for appellant.

*Ellis & McCoy*, for appellee.

ROTHROCK, J.— The petition was filed on the 5th day of January, 1886. The answer was filed on the 10th day of

February, 1866. The plaintiff presented a motion for temporary alimony on the 11th day of February, 1886. A hearing was had upon the motion within a few days thereafter, and the following order was made: " Application for temporary alimony sustained, and defendant ordered to pay the clerk of the court the sum of $200 for the use of the plaintiff; said sum to be paid within twenty days. Defendant excepts." The defendant failed to pay the money required by the order, and on the 24th day of March, 1886, the plaintiff filed a motion to strike the defendant's answer from the files, upon the ground that he was in contempt of court by reason of his failure to pay the temporary alimony. This motion was heard upon affidavits in behalf of the plaintiff, and by counter-affidavits upon the part of the defendant. It appears from these affidavits that the defendant not only did not have the money to enable him to comply with the order, but that he was unable to procure the same; and upon the argument of the motion . the defendant made the following offer: " Now, upon the argument of the motion to strike defendant's answer from the files because of non-payment of alimony ordered, defendant, in open court, offers to turn out all personal property of which he is possessed, save his wearing apparel, upon condition that the plaintiff herein will satisfy her allowance of alimony herein, and deliver the same at once to the plaintiff, and convey the same by good and sufficient bill of sale." The defendant was not the owner of any real estate. The motion to strike the answer from the files was sustained, and on the same day a default was entered against the defendant for want of an answer in said cause; to all of which the defendant excepted. The court proceeded within a few days thereafter to hear the evidence in behalf of the plaintiff, and decreed a divorce as prayed in the petition. The defendant appeared at the hearing for the purpose of cross-examining the plaintiff's witnesses. The question presented for our determination is whether the court was

authorized to strike the answer from the files for failure to pay the temporary alimony.

In *Peel v. Peel*, 50 Iowa, 521, a motion was made to strike the defendant's answer from the files for a failure to comply with an order for the payment of temporary alimony. The defendant offered to show cause why he had so failed. The offer was refused, and the answer was stricken from the files, and the cause was tried upon the petition and evidence introduced by the plaintiff. It was held that the ruling of the court was erroneous. It is said, in that case, that "it will not do to hold that the marriage relation may be dissolved on the ground of defendant's inability to pay a sum awarded as alimony, or because of his recusancy." And in *Baily v. Baily*, 69 Iowa, 77, it was held that the refusal of a defendant in a divorce proceeding to pay a judgment for temporary alimony is not a contempt of court, and does not deprive him of the right to defend. That case is decisive of the case at bar. The distinction sought to be made by appellee's counsel between that case and the case at bar does not seem to us to be well taken. In the cited case, an order was made to pay the temporary alimony by a certain day, "and, in default of such payment, then judgment therefor." In the case at bar, there was an order to pay the money to the clerk by a day named in the order. An execution could have been awarded upon this order, the same as upon a personal judgment. Section 3026 of the Code requires that it be enforced by execution.

The decree of the court below is reversed, and the cause remanded for trial upon the issues raised by the pleadings.

REVERSED.