[No. 3029. Decided December 6, 1898.]

JANE BUNKER, *Respondent,* v. BARNEY H. HATTRUP *et al., Appellants.*

WIFE'S SEPARATE PROPERTY—LIABILITY FOR HUSBAND'S DEBTS.

Where there is no proof of when the marriage relation between husband and wife was assumed, and nothing to show that a promissory note in her favor was community property, the maker of the note is not entitled to offset a bar bill due him from the husband against the amount due on the note to the wife.

Appeal from Superior Court, Whitman County.—Hon. WILLIAM McDONALD, Judge. Affirmed.

*V. E. Bull,* and *Wyman & Neill,* for appellants.

*J. W. Mathews,* and *Hanna & Hanna,* for respondent.

The opinion of the court was delivered by

GORDON, J.—This action was brought to recover an alleged balance due on a promissory note executed and delivered by the defendants (who are husband and wife) to the plaintiff. The answer admitted the execution and delivery, and alleged payment. From a judgment in plaintiff's favor, entered upon the verdict of a jury, and from an order denying a new trial, the defendants have ap-

pealed.   It appears from the record that on the 22d day
of August, 1894, the note being then overdue, the appel-
lant Barney H. Hattrup and E. Bunker, respondent's hus-
band, met at appellant's place of business and agreed that
there was then due upon the note, after making sundry
reductions for credits, the sum of $715.41, principal and
interest; and after deducting an account against plaintiff's
husband for liquors, amounting to $198.75, together with
some minor items, all of which was agreed to by the hus-
band, appellant made his check in respondent's favor for
the sum of $526.25, in full payment of the balance, and
received from the husband the possession of the note.   This
check was, on the same day, delivered to the respondent,
who immediately repudiated the transaction, and offered
to return the check, and demanded a return to her of the
note.   There is some contention as to what rate of interest
plaintiff was entitled to claim, the difference amounting
to about $45; but the evidence conclusively shows that the
parties agreed upon the balance that was due at the time
that the transaction in question occurred, and we deem it
unnecessary to go beyond that.   The main question is,
therefore, was the defendant entitled to offset against this
note the bar bill incurred at appellant's saloon by the hus-
band of the respondent?   There was evidence given at the
trial tending to show that the different payments made on
the note were made to the husband; but this evidence was
offered for the sole purpose of showing that the husband
had authority, as *agent* of his wife, to receive payment,
and such authority is not questioned by the respondent.   It
is urged that, plaintiff being a married woman, the pre-
sumption is that the note itself was community property,
and consequently liable for the separate debt of the hus-
band.   But the pleadings raise no such issue, nor was
there any evidence at the trial to support such theory.   Nor
can it be told from an inspection of the record when the

parties were married, whether before or after the note was given.  It does appear that the court, in charging the jury, instructed with reference to the community rights of husband and wife; but these instructions could not have been to the prejudice of the defendant, because, as a matter of law, upon the case as made by the pleadings and proof, the note in question was the personal property of the respondent.  The instructions were therefore more favorable to the appellants than they were, as a matter of law, entitled to, and appellants cannot avail themselves of any error in the charge as respects this phase.

We think that the verdict is supported by the evidence, and that no reversible error was committed.  Affirmed.

Scott, C. J., and Dunbar, Anders and Reavis, JJ., concur.