[No 4334.     Decided January 7, 1903.]

LILLIE L. BACHELOR, *Respondent,* v. JAMES BACHELOR, *Appellant.*

DIVORCE — VENUE.
    Under Bal. Code, § 5718, which authorizes actions for divorce to be brought in the county where plaintiff resides, the refusal to grant a change of venue to the county of defendant's residence would not constitute error.

SAME — REFUSAL TO PAY SUIT MONEY — EFFECT ON RIGHT TO DEFEND.
    The failure of the defendant in a divorce proceeding to com-

ply with the court's order for the payment of alimony and suit money to the plaintiff will not warrant the court in striking the defendant's answer, inasmuch as it is the policy of the law that divorces be not granted without the interposition of defenses to the action.

Appeal from Superior Court, King County.—Hon. BOYD J. TALLMAN, Judge. Reversed.

*Govnor Teats* and *E. W. Taylor,* for appellant.

The opinion of the court was delivered by

DUNBAR, J.—This is an appeal from a judgment for divorce, and more particularly from the action of the lower court in refusing the defendant a right to defend and to appear in court because of his inability or neglect to pay an attorney's fee and suit money in the sum of $60 adjudged by the court.

The first assignment is that the court erred in overruling the application and motion of defendant for a change of venue. Section 5718, Bal. Code, provides that, "any person who has been a resident of the state for one year may file his or her complaint for a divorce or decree of nullity of marriage, under oath, in the superior court of the county where he or she may reside, and like proceedings shall be had thereon as in civil cases." It is shown by the complaint in this case that the plaintiff has been a resident of Pierce county for more than a year immediately preceding the commencement of this action. There was no error in overruling this motion.

Nor do we think that the court erred in overruling the demurrer to the complaint. The complaint was sufficient to state a cause of action.

Nor are we inclined to interfere with the action of the court in ordering and directing the defendant to pay to the attorney for the plaintiff the sum of $60, or in ordering the

defendant to show why he was not in contempt of court
for failing to obey the order of the court to pay to the at-
torney of the plaintiff, for the plaintiff, said sum of $60.
The court, however, upon the motion of the plaintiff, or-
dered the answer and cross complaint of defendant to be
stricken, for the reason that the defendant was in contempt
of court in not paying the alimony theretofore adjudged to
be paid by the court. This we think was reversible error,
under uniform authority. . The authorities are divided in
ordinary cases upon the question of the court's authority to
refuse to permit a defendant to answer, where the defend-
ant is in contempt of court and has not purged himself
thereof; but there is no conflict in authority, we think, in a
divorce proceeding, in which the public, as well as all in-
dividuals, have an interest. The law provides that in un-
defended divorce cases the prosecuting attorney shall ap-
pear and defend on behalf of the state. But this is fre-
quently, in practice, not an effective defense. In *McMakin
v. McMakin,* 68 Mo. App. 57, the court, in discussing the
general question of the powers of courts to refuse to hear
defendants when in contempt of court by disobeying its
orders, and asserting that such was the general rule pre-
vailing in courts of equity, said:

"But while this is so, we do not think it applicable in
divorce cases, for the reasons given by the supreme court of
Illinois, in *Gordon v. Gordon* [141 Ill. 160]. Besides
this, an action for divorce is triangular—one in which the
married parties are plaintiff and defendant, and the public
occupies, without being mentioned in the pleadings, the
position of third party. The interest of the latter blends
with that of various third persons not before the court. Of
such, for example, are the children born, or *en ventre sa
mere.* Since they cannot protect themselves, the public,
represented by the court, is under duty to protect them.
The justice of the plaintiff's complaint must be established,

not merely between the parties to the record, but as between them and the public, including persons specially interested, yet not before the court;"

citing 2 Bishop, Marriage & Divorce, §§ 489, 495, 498, and *Owen v. Owen,* 48 Mo. App. 208.

It is said in *Baily v. Baily,* 69 Iowa, 77 (28 N. W. 443), that, where a party declines or fails to defend a suit, a divorce may be obtained on the evidence introduced by the plaintiff alone; but, where a party actually desires to defend, and files pleadings controverting the ground relied on, public policy requires that he have the opportunity to be heard.

It was decided in *Cason v. Cason,* 15 Ga. 405, that the neglect or refusal of the defendant to comply with the order of the court requiring him to pay temporary alimony pending the divorce did not authorize the court to deny to the party his right to defend the libel.   As directly sustaining this doctrine we cite:   *Johnson v. Superior Court,* 63 Cal. 578; *Gordon v. Gordon,* 41. Ill. App. 137; *Eastes v. Eastes,* 79 Ind. 363; *Allen v. Allen,* 72 Iowa, 502 (34 N. W. 303); *McCrea v. McCrea,* 58 How. Pr. 220; *Peel v. Peel,* 50 Iowa, 521; *Baily v. Baily,* 69 Iowa, 77 (28 N. W. 443).

For error in this respect the judgment will be reversed, with instructions to the court to allow the defendant to answer.

Reavis, C. J., and Fullerton, Anders and Mount, JJ, concur.