[No. 8601.]

FREY V. FREY.

1. DIVORCE—*The State a Party—Duty of Court.* The state is an interested party to every action for divorce, and it is the duty of the court to be vigilant to prevent the admission of improper evidence, or the exclusion of what is proper and competent. (582.)

2. ———— *Failure to Pay Temporary Alimony and Suit Money,* does not bar the husband of his defense to the wife's action. (582.)

Where the husband is plaintiff, and is unable to make reasonable provision for the wife during the pendency of the suit, the cause should be continued until he is able. (582.)

*Error to Lincoln County Court.* Hon. J. W. VEAL, Judge.

Mr. ROY E. DICKERSON, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice GARRIGUES delivered the opinion of the court.

Anna Frey, defendant in error, as plaintiff, brought an action against her husband, James Frey, for a divorce on the ground of cruelty. Defendant answered denying generally the allegations of the complaint, and in a cross bill alleging cruelty on the part of plaintiff, asked for a decree of divorce. During the pendency of the action an order was entered by the court for the payment to plaintiff by defendant of temporary alimony and suit money. On the trial, the plaintiff having presented her evidence and rested, defendant produced witnesses, and attempted to introduce testimony in support of the allegations of his answer and cross complaint, to which plaintiff by her counsel objected, until defendant complied with the order for the payment of temporary alimony and counsel fees. The objection was sustained, and defendant was not permitted to introduce any evidence. The verdict was for the plaintiff.

1. The plaintiff in error relies, for a reversal here,

upon the doctrine that it is a matter of public policy that divorces should only be granted where the fullest opportunity has been afforded both sides to be heard; that in divorce cases, the state is a third and interested party, and it is the duty of courts in all such proceedings to be vigilant to prevent the obtaining of decrees by fraud, the admission of improper testimony, or the exclusion of competent evidence. Citing: *Gilpin v. Gilpin*, 12 Colo. 504-519, 21 Pac. 612; *Ward v. Ward*, 25 Colo. 33-38, 52 Pac. 1105; *Garver v. Garver*, 52 Colo. 227, 121 Pac. 165, Ann. Cas. 1913D 674; *Hyser v. Hyser*, 53 Colo. 199-202, 124 Pac. 346, Ann. Cas. 1914B 356.

We reaffirm that doctrine in this case. The defendant had filed an answer and cross complaint denying the allegations of the complaint and alleging matters which, if proven would preclude plaintiff from obtaining a decree. He produced witnesses and offered proof in support of those denials and allegations. It was error for the court to refuse to admit such testimony, and the case should be reversed on that ground. This, however, would not determine the precise question presented, as to whether a court, under its power to punish for contempt occasioned by the failure of a party to comply with an order for the payment of temporary alimony, can refuse to permit him a hearing, and we think it proper to express our views upon that matter.

2. In case a plaintiff is unable to make reasonable provisions for his wife during the pendency of a divorce action, the case should be continued until he is able to do so. *Cairnes v. Cairnes*, 29 Colo. 260-263, 68 Pac. 233, 93 Am. St. 55.

Where, however, a husband is defending against the suit of his wife for a divorce, and an order is entered granting her temporary alimony and suit money, with which order defendant fails to comply, he should not, merely on

that account, be prevented from making his defense, if any he has, to the action. Our views upon this question are well expressed.in *Foley v. Foley*, 120 Cal. 33-40, 52 Pac. 122, 65 Am. St. 147, where it is said:

"That even in a court possessing plenary power to punish for contempt, untrammeled by statute, the power does not exist, and never has, to summon a defendant to answer, and after obtaining jurisdiction refuse to allow him to answer, or strike his answer from the files and condemn him without a hearing, on the theory that he has been guilty of a contempt of the court. And this is put upon the broad, fundamental ground that such action is violative of a constitutional right of the citizen to be heard before being deprived of his property or personal rights."

There are many authorities supporting this view, the leading one being *Hovey v. Elliott*, 167 U. S. 409, and among others: *Cason v. Cason*, 15 Ga. 405; *Gordon v. Gordon*, 141 Ill. 160, 30 N. E. 446, 21 L. R. A. 387, 33 Am. St. 294; *Allen v. Allen*, 72 Ia. 502, 34 N. W. 303; *McNamara v. McNamara*, 86 Nebr. 631, 126 N. W. 94, 27 L. R. A. (N. S.) 1062, 21 Ann. Cas. 451; *Trough v. Trough*, 59 W. Va. 464, 53 S. E. 630, 4 L. R. A. (N. S.) 1185, 115 Am St. 940, 8 Ann. Cas. 837.

The judgment of the lower court will be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

Chief Justice GABBERT and Mr. Justice SCOTT concur.