# CHARLESTON.

STATE EX REL. LOGAN SCOTT v. WARREN B. KITTLE, JUDGE.

Submitted September 1, 1920.   Decided September 7, 1920.

1. PROHIBITION—*Appeal and Not Prohibition Lies to Review Court's Ruling As to Inability of Husband to Pay Suit Money.*

   In a suit for divorce the question of the husband's ability to pay suit money, because of his infancy or penury is properly within the jurisdiction of the trial court, and its rulings thereon are not reviewable upon a rule in prohibition, but by appeal only. (p. 588).

2. DIVORCE—*For Contempt of Order to Pay Alimony Circuit Court Cannot Suppress His Answer or Depositions.*

   In a suit for divorce the circuit court has no jurisdiction because of his contempt of a decree or order to pay alimony to suppress defendant's answer or depositions, thereby denying him his right to defend, whether he be defendant to the original bill or be made defendant in a cross bill against him. Public policy forbids denial of a proper defense in such cases: the contempt must be punished in some other manner than by cutting off defense. (p. 589).

(WILLIAMS, PRESIDENT, absent.)

Original prohibition by the State, on the relation of Logan Scott, against Hon. Warren P. Kittle, Judge, etc. and others.

*Writ awarded.*

*W. B. & E. L. Maxwell,* for relator.
*A. M. Cunningham,* for respondent.

MILLER, JUDGE:

Upon petition of relator, plaintiff in a suit against his wife, respondent Donna Cunningham Scott, for divorce, and defendant in her cross bill answer against him, in which she seeks a divorce from him and also permanent alimony, we are asked to prohibit the judge of the circuit court and respondent Donna Cunningham Scott from enforcing against petitioner the provisions of the decree of June 2, 1920, entered in said divorce suits, especially that part of said decree inflicting upon peti-

tioner the suppression of his depositions taken in the cities of Cincinnati, Ohio, and Washington, D. C., and that part of said order which permits said Donna Cunningham Scott to proceed with said cause on her behalf and to take evidence therein, upon the ground that said order was entered without jurisdiction and is therefore void.

The order of the court thus made the subject of the rule awarded petitioner by two of the judges of this court in vacation, finds that petitioner was in contempt of the court in having failed to respond to the previous order of the court awarding against him suit money and temporary alimony, so as to enable respondent, his wife, properly to defend his action against her and to prosecute her cross suit against him, and on that ground suppressed his depositions as aforesaid, taken in her absence and without representation, out of the jurisdiction of the court.

No return to the rule has been made by the judge of the circuit court; but Mrs. Scott has answered and urges in support of the order complained of not only the contempt of relator as found by the circuit court but the fact appearing on the original record and vouched as evidence thereof, that said depositions were taken out of the state, in her absence and against her protest, after relator was adjudged to pay her suit money and temporary alimony and after the cause, on his motion, had been referred to a commissioner to take the evidence, and after he had gone out of the state and out of the jurisdiction of the court to avoid process and escape the payment of suit money and alimony so adjudged against him, and there is no traverse of these facts by the relator.

It is urged on behalf of relator that at the time of the order adjudging him in contempt of court, he was an infant and was without means to comply with the order of the court for suit money and alimony, and that in accordance with the prayer in his amended bill, he should have been permitted to prosecute his suit in *forma pauperis* without having complied with the orders of which he was found in contempt. It is a sufficient answer to the contention that the question of relator's ability to pay suit money or alimony as affected by his infancy or penury were all questions properly addressed to the circuit court and

within its jurisdiction to decide, and its decree is not reviewable here upon a rule in prohibition, but only by appeal or error prosecuted to this court. *Smith* v. *Smith,* 81 W. Va. 761. Moreover, it is held by high authority that the poverty of the husband when he is plaintiff is no defense to the application of the wife for counsel fees and suit money, as he must furnish her with money to enable her to make her defense, or abandon his action, unless the proceedings are stayed until he becomes able to pay. 19 C. J. 236, and cases cited. In one case we find it held that an infant who has no property and has not been emancipated can not be committed for contempt for disobeying an order to pay alimony, but we do not have here any question involving commitment for contempt. *Austin* v. *Austin,* 167 Mich. 164, Ann. Cas. 1913A. 545, and note. Nor do we have here any question regarding the jurisdiction of the court to impose punishment for contempt in the absence of the accused. There is no judgment of commitment against him. The order complained of simply suppressed his depositions, taken without the jurisdiction of the court, his own included, in the absence of the respondent or her counsel, and upon exception thereto upon that ground. If the court erred therein, it was error committed within its jurisdiction to decide, not reviewable here upon this rule in prohibition. Moreover, the return shows that relator went beyond the jursdiction of the court to avoid process, and the fact is not denied.

The only question of merit presented and reviewable on the rule and return is whether the court had jurisdiction to stay the hand of the relator in his defense to respondent's cross bill against him, or to take depositions in defense of his suit against her, with a view of procuring its dismissal; we think it was beyond the jurisdiction of the court. A decree in her favor in either case would be void on constitutional grounds for want of due process. It has been decided that when the suit is by the wife, the defendant's poverty may be pleaded in defense of her application for suit money and alimony. 19 C. J. 216, and cases cited. But as already said, this is a question not going to the jurisdiction of the court.

We have distinctly decided the only question really presented or cognizable on this writ; namely, that a defendant in a divorce

suit can not be deprived of his defense, or have his pleadings or evidence struck out or suppressed because of being in contempt of some order of the court. *Trough* v. *Trough,* 59 W. Va. 464. And this is the rule in other jurisdictions. It is fundamental to the administration of justice in divorce suits that one can not be deprived of his rights or property without due process of law. *Hovey* v. *Elliott,* 167 U. S. 409; 17 Rose's Notes, 1096; *Windsor* v. *McVeigh,* 93 U. S. 274. Besides, public policy forbids that a husband's refusal to pay suit money or temporary alimony should deprive him of his right to defend a suit for divorce. 2 Bishop on Marriage and Divorce, sec. 1095, and cases cited; *McNamara* v. *McNamara,* (Neb.), 27 L. R. A. (N. S.) 1062, and note. One in contempt of the order of the court in such cases must be punished in some other manner than by being deprived of his defense. *Foley* v. *Foley,* (Cal.) 65 Amer. St. Rep. 147.

In respect to relator's suit against his wife, while he stands in contempt of the orders of the court, the court may decline to entertain him and refuse to proceed in his case, and may have properly suppressed his depositions taken after he was required to pay suit money and temporary alimony.

Our conclusion from these considerations is to award the writ in so far and in so far only as the order complained of restrains the relator from making proper defense to respondent's cross bill against him by pleadings or proof while it permits her to proceed therein, or to take evidence in his suit against her with a view of procuring dismissal or a decision thereof in her favor.

*Writ awarded.*