Submitted on briefs June 12, reversed September 25, 1928.

RUTH E. HUTCHINSON *v.* SAMUEL D. HUTCHINSON.

(270 Pac. 484.)

For appellant there was a brief over the names of *Mr. C. W. Robison* and *Mr. Harold Banta.*

For respondent there was a brief over the name of *Messrs. Norblad & Hesse.*

COSHOW, J.—The question presented by this appeal is of first impression here. It has been determined by the highest court in the land. The case of *Hovey* v. *Elliott,* 167 U. S. 409 (42 L. Ed. 215, 17 Sup. Ct. Rep. 841), involved the same principle. The opinion in that case was written by Mr. Justice WHITE, afterwards Chief Justice, and is exhaustive. From that opinion we quote:

"On February 12, 1878, the Supreme Court of the District of Columbia at general term made decree as follows:

" 'The answer of defendants having been removed from the files for their contempt in refusing to obey the order of court and deposit in the registry the sum of $49,297.50, it is now ordered, adjudged and decreed that the bill be taken *pro confesso* against them.' "

" * * To say that courts have inherent power to deny all right to defend an action and to render decrees without any hearing whatever is, in the very nature of things, to convert the court exercising such an authority into an instrument of wrong and oppression, and hence to strip it of that attribute of justice upon which the exercise of judicial power necessarily depends."

That such an exercise of power violates the Fourteenth Amendment to the federal Constitution is settled by a later decision of the federal Supreme Court in which the same eminent justice wrote the opinion from which we take the following:

"The ruling in *Hovey* v. *Elliott* was that, to punish for contempt by striking an answer from the files and condemning, as by default, was a denial of due process of law, and therefore repugnant to the 14th Amendment." *Hammond Pack. Co.* v. *State,* 81 Ark. 519 (100 S. W. 407, 1199, 126 Am. St. Rep. 1047), 212 U. S. 322, 15 Ann. Cas. 645, 53 L. Ed. 530, 29 Sup. Ct. Rep. 370, 379).

This ruling makes it clear that the decision in *Hovey* v. *Elliott* is binding on this court.

The principle is especially applicable to divorce cases. In such cases the state is interested in maintaining the marital relation. Public policy forbids collusive divorce cases. Ever since the decision in

*Hovey* v. *Elliott,* above, courts of last resort of all the states having the principle under consideration have followed in divorce cases *Hovey* v. *Elliott. Sibley* v. *Sibley,* 76 App. Div. 132 (78 N. Y. Supp. 743), overrules earlier New York cases holding to the contrary. The case of *Sibley* v. *Sibley* was a suit instituted by a wife against her husband for legal separation and for alimony. Defendant's answer was stricken, and defendant not allowed to participate in the trial as the learned Circuit Court ruled in the case at bar. In *Sibley* v. *Sibley,* above, the opinion contains the following pertinent language:

"The judgment deprives the appellant of property and of contract property rights, and his exceptions fairly present the question as to whether his property has been taken without due process of law, within the meaning of section 1 of the 14th amendment to the Federal Constitution. The defendant did not institute the action and he did not ask that it be tried. The plaintiff forced it to trial against his will, and a judgment resulted which deprived him of property without his having been heard in defense of his rights. This the Supreme Court of the United States has quite recently unanimously decided may not be done. (*Hovey* v. *Elliott,* 167 U. S. 409 [42 L. Ed. 215, 17 Sup. Ct. Rep. 841].)" 76 App. Div. (N.Y.) 132, 135 (78 N. Y. Supp. 745).

A very instructive case is *Bennett* v. *Bennett,* 15 Okl. 286 (81 Pac. 632, 83 Pac. 550, 70 L. R. A. 864), 208 U. S. 505 (52 L. Ed. 590, 28 Sup. Ct. Rep. 356). In the last case cited the question under consideration was thoroughly discussed from various angles. The principle is announced that one in contempt will not be granted a favor by the court until he has purged himself of the contempt. The court has not

the power to deprive the contemnor of a right as distinguished from a favor.

"In an action for a divorce the court has no power, because the defendant has failed to pay suit money and temporary alimony required of him, to strike out and disregard depositions filed by him in defense of the suit, and grant a final decree of divorce against him." Point 2 in syllabi to *Trough* v. *Trough*, 59 W. Va. 464 (53 S. E. 630, 8 Ann. Cas. 837, 115 Am. St. Rep. 940, and valuable note beginning in page 950).

This opinion quotes at length from *Windsor* v. *McVeigh*, 93 U. S. 274 (23 L. Ed. 914), from which we adopt the following excerpt:

"The order in effect denied the respondent a hearing. It is alleged he was in the position of an alien enemy, and could have no *locus standi* in that forum. If assailed there, he could defend there. The liability and right are inseparable. A different result would be a blot upon our jurisprudence and civilization. We cannot hesitate or doubt on the subject.' * *

" * * A sentence of a court pronounced against a party without hearing him or giving him an opportunity to be heard, *is not a judicial determination of his rights, and is not entitled to respect in any other tribunal.*

"It was decided in *Cason* v. *Cason*, 15 Ga. 405, that the neglect or refusal of the defendant to comply with the order of the court requiring him to pay temporary alimony pending the divorce did not authorize the court to deny to the party his right to defend the libel. *Bachelor* v. *Bachelor*, 30 Wash. 639, 642 (71 Pac. 193).

From the last case cited we take the following also:

"The court, however, upon the motion of the plaintiff, ordered the answer and cross-complaint of de-

fendant to be stricken, for the reason that the defendant was in contempt of court in not paying the alimony theretofore adjudged to be paid by the court. This we think was reversible error, under *uniform* authority. The authorities are divided in ordinary cases upon the question of the court's authority to refuse to permit a defendant to answer, where the defendant is in contempt of court and has not purged himself thereof; *but there is no conflict in authority,* we think, *in a divorce proceeding,* in which the public, as well as all individuals, have an interest."

See, also, the cases cited in *Bachelor* v. *Bachelor.*

"It is fundamental to the administration in divorce suits that one cannot be deprived of his rights or property without due process of law. *Hovey* v. *Elliott,* 167 U. S. 409 (42 L. Ed. 215, 17 Sup. Ct. Rep. 841, 17 Rose's Notes 1096); *Windsor* v. *McVeigh,* 93 U. S. 274 (23 L. Ed. 914). Besides, public policy forbids that a husband's refusal to pay suit money or temporary alimony should deprive him of his right to defend a suit for divorce. 2 Bishop on Marriage and Divorce, § 1095, and cases cited. *McNamara* v. *McNamara,* 86 Neb. 631 (126 N. W. 94, 21 Ann. Cas. 451, 27 L. R. A. (N. S.) 1062, and note). One in contempt of the order of the court in such cases must be punished in some other manner than by being deprived of his defense. *Foley* v. *Foley,* 120 Cal. 33 (52 Pac. 122, 65 Am. St. Rep. 147.)" *State ex rel. Scott* v. *Kittle,* 86 W. Va. 587 (104 S. E. 44, 45); *Coker* v. *Norman,* 162 Ga. 351 (133 S. E. 740).

Numerous other cases could be cited. Sufficient number of cases has been cited to clearly demonstrate that the learned Circuit Court erred in denying defendant his right to make his defense. The judgment and decree are reversed and the case is remanded, with directions to proceed in accordance with this opinion. REVERSED AND REMANDED.