STATE EX REL. GRUENOCH *v.* MILLER, SPECIAL JUDGE.

[No. 26,839. Filed May 18, 1937.]

*O'Neill & O'Neill,* for appellant.

*Robert R. Miller,* for appellee.

ROLL, J.—On March 2nd, 1937, relator, Albert Gruenoch filed his verified application for an alternative writ of mandate, wherein he alleged that on October 1st, 1935, Laura Gruenoch filed an action for divorce in the Cass Circuit Court under cause No. 24639, against this relator as defendant therein; that on January 20, 1937, upon motion and affidavit of relator, Robert R. Miller was appointed special judge to hear and determine said cause. On February 8, 1937, Donald D. O'Neill, one of relator's attorneys offered to file his verified motion for and on behalf of relator for a change of venue from Cass County. Objections were made to the filing of this motion and the matter was set for argument on February 11, 1937; that on said last named date and before any ruling by the court on the motion the relator offered

to file his verified application for a change of venue from the county, which motion was refused.

Upon the above facts this court issued a temporary writ of mandate and ordered the respondent to show cause if any he had why the writ should not be made absolute. On March 15, 1937, the respondent filed his response which in substance shows, that on October 4th, 1935, upon the petition of Laura Gruenoch the defendant, Albert Gruenoch, relator herein, was ordered to pay to the clerk of the Cass Circuit Court the sum of $4.00 per week for the support of Laura Gruenoch, plaintiff therein, and the further sum of $50.00 for suit money. That at the time respondent herein assumed jurisdiction of this case the relator herein had in no degree complied with said order. That the record in said divorce case, No. 24639, showed that a citation was issued for the defendant on November 26, 1935, and that the hearing was set for December 5, 1935. No hearing was had on that date but on December 31, 1936, defendant filed a pleading marked "answer in two paragraphs," but the pleading was in fact an answer in general denial, and a cross-complaint; that on June 23, 1936, defendant filed a motion and affidavit for a change of venue from Cass County, but on January 20, 1937, defendant asked and was granted leave to withdraw his affidavit for a change of venue from the county, and on the same day filed an affidavit for a change of venue from the judge which was granted. Defendant dismissed his cross-complaint, and filed an affidavit as to his inability to pay as ordered, and the hearing on the citation by agreement of counsel was postponed until March 8, 1937. The record shows that the defendant paid no money to the clerk of the Cass Circuit Court for the support of his wife, and on February 5, 1937, paid $20.00 on account of suit money. That respondent as he appeared in the Cass Circuit Court on March 8, 1937,

to hear the citation was served with the temporary writ issued by this court, and for that reason no further action has been taken thereon.

Upon the above facts, should the temporary writ heretofore issued be made permanent? If the court had the right to refuse defendant's motion and affidavit for a change of venue from the county, he would upon the same reasoning have the right to refuse any other pleading offered by the defendant, or to strike from the files pleadings already filed while he was in default in his payments for suit money or support money. It has very generally been held that where a husband institutes an action for a divorce, and the court makes an order against him to pay support and suit money to enable the defendant to make her defense, and if he neglects or refuses to comply with the order such disobedience will warrant the court in refusing to proceed with the case until payments are made as directed by the order. But the rule seems to be different when the husband is the defendant. In such a case, the rule as announced by a majority of the jurisdictions that have passed on this question seems to hold that the court has no right when the defendant in a divorce action is in contempt in disobeying an order to pay support and suit money, to strike out his answer or otherwise prevent him from interposing a defense on the merits; for such action not only deprives the defendant of his day in court, but is contrary to public policy in preserving the marriage relation. It necessarily follows that the courts should be open to a defendant in order to make effective this general public policy, even though the defendant is in contempt of court in failing to pay support and suit money as directed by a court order.

In *Gordon* v. *Gordon* (1892), 141 Ill. 160, 30 N. E. 446, the court said (p. 163):

"If the court had the power to strike out the an-

swer, it necessarily had the power to refuse to hear any evidence the defendant might offer in answer to the bill or in support of the matters set up in the answer. A rule of this character, once established in divorce cases, would not, in our judgment, have a beneficial effect upon the rights of parties, and in many cases the tendency of the rule would be to bring the law into disrepute. Under our practice, divorces are granted and marriage contracts set aside quite as readily as could be desired if proper regard is given to the well-being of society; but, should a defendant be denied the right of all defense for non-payment of alimony, in many cases, doubtless, divorces would be granted and marriage contracts set aside upon false or insufficient evidence, for the reason the defendant was denied the right to expose a false or fictitious case."

See *Frey* v. *Frey* (1916), 61 Colo. 581, 158 Pac. 714; *Foley* v. *Foley* (1898), 120 Cal. 33, 55 Pac. 122; *Hovey* v. *Elliott* (1897), 167 U. S. 409, 42 L. Ed. 215; *Hutchinson* v. *Hutchinson* (1928), 126 Ore. 519, 270 Pac. 484, 62 A. L. R. 660, and note p. 667.

If the rule as announced in the above cases is correct, we must conclude the court did not have the power to refuse the relator herein the right to file his motion and affidavit for a change of venue from the county. The statute of this state gives him the right to a change of venue when proper grounds exist. The motion and affidavit offered by relator herein was in proper form and set forth the statutory grounds for a change. If relator had the right to file answer and make his defense, he had a right to have his defense heard in a county where he would be unhampered by local prejudices. This would be in accord with the public policy of maintaining the marriage relation and in accord with the rule as announced in the cases cited above. We therefore hold that the temporary writ of mandate heretofore issued be made permanent.