STATE *ex rel.* MICHAEL MAYFIELD STUMP

*v.*

W. MERLE WATKINS, *Judge, etc.*

(No. 10122)

Submitted January 12, 1949.    Decided

February 1, 1949.

*Fox, Judge,* dissenting.

*I. Raymond Murphy,* for relator.

*W. Merle Watkins*, for respondent.

RILEY, JUDGE:

In this original proceeding in mandamus, the relator, Michael Mayfield Stump, seeks a peremptory writ, requiring the Honorable W. Merle Watkins, Judge of the Circuit Court of Barbour County to reconvene the October, 1948, term of his court; to vacate and set aside the decree of reference to a special commissioner entered at said term in a certain divorce suit, wherein relator was plaintiff and Mary Louise Stump was defendant; and to hear the divorce case in chambers as a noncontested divorce suit.

The case is here on relator's petition, the rule awarded thereon, the Judge's return to the rule, and relator's replication.

After the parties to the divorce suit had separated and ceased to live together as husband and wife, Mary Louise Stump, the defendant in the divorce suit, had sought by a proceeding in *habeas corpus* in the Circuit Court of Barbour County to regain the custody of Michael Stump, VI, the infant child of the parties, then in relator's actual custody in Barbour County. Pending said proceeding, relator instituted a divorce suit, in which he asked for custody of the child. Process was issued in that suit and served on the defendant therein. At a special term of court, held on August 10, 1948, defendant filed her answer and cross bill, which answer and cross bill were remanded to rules, for the service of process thereon. On that date, pursuant to notice duly served upon relator, the court entered a decree granting counsel fees and temporary alimony to the defendant, Mary Louise Stump, and awarded temporary custody of the infant child to relator, with the privilege to defendant to visit the child three days a week outside relator's home, which visits were directed to be under the supervision and control of

one Icie Christopher, a person appointed by the court so to act.

On September 28, 1948, while the child was in the custody of the said Icie Christopher at her home, and during a visit with the child by defendant, Mary Louise Stump, said defendant, so relator's petition alleges, abducted the child and "willfuly, deliberately and in open defiance of the order of the court, left the jurisdiction of the court, taking the child with her, and her whereabouts and those of said child have been and are now wholly unknown to" him. The petition further alleges that relator has reported the disappearance of the mother and child to police officials throughout the State of West Virginia, and has sought the aid of law enforcement officials in other states, but his efforts to locate the child have been in vain.

On October 25, 1948, the opening day of the regular term of the Circuit Court of Barbour County, relator invited the attention of the court to the flight of the defendant, Mary Louise Stump, and the child's disappearance and removal from the jurisdiction of the court,. and moved the court to set a day for the trial of the suit on its merits as a noncontested divorce suit. Although Mary Louise Stump did not appear, relators motion was resisted by her counsel, who filed an answer on her behalf, denying the material allegations of the bill of complaint in the divorce suit, and moved the court to refer the suit to one of the commissioners in chancery for the purpose of taking and returning the evidence therein. After the taking of the testimony of Icie Christopher, who had been summoned before the bar of the court to testify concerning the disappearance of the mother and child, relator again moved the court to set the divorce case for trial on its merits on the grounds that: (1) The suit was matured and ready for hearing; (2) the defendant, Mary Louise Stump, had abandoned her suit by fleeing the jurisdiction of the court and removing the child therefrom; (3) the defendant, having been adjudi-

cated in contempt and because she had abandoned her suit, was not entitled to defend by her counsel and in her absence; (4) the order of reference to a commissioner would delay the determination of the case for a period of three months or more, during which time defendant would be permitted to secrete the child more securely outside the jurisdiction of the court; (5) the order of reference would only serve to increase the costs of the suit, which would be paid by relator; and (6) defendant being in contempt, such part of her answer and cross bill, other than denials of the allegations of plaintiff's bill, should be disregarded by the court, since, in the circumstances, defendant was entitled to no affirmative relief.

Relator's petition further alleges that defendant's counsel stated to the court that he did not know the whereabouts of defendant and the child; that he had had no communication with her or them since the day of their disappearance; that he did not know when, if ever, defendant would return to the jurisdiction of the court, and therefore did not know when a date could be set for trial of the suit. Nevertheless counsel insisted that he had the right to carry on defendant's defence in her absence, and take depositions in her behalf outside the jurisdiction of the court. At the instance of defendant's counsel the court entered a decree of reference, and granted leave to the parties to take depositions outside the State of West Virginia, and further ordered that after plaintiff had completed his depositions, defendant, if she should desire to take depositions of witnesses residing outside the State, should commence to do so within thirty days after plaintiff had rested his case and the evidence had been transcribed. The decree of the court then continued the case until its next regular term.

Notwithstanding an allegation in relator's petition that the defendant in the divorce suit had been adjudicated in contempt, it appears from the return of Judge Watkins that there has been no citation for contempt and no

adjudication thereof. The prevailing rule of practice in the Circuit Court of Barbour County, duly adopted and promulgated, provides that "contested divorce cases shall be referred to a commissioner, and noncontested cases will be heard in chambers on the days set by the Court." So, in referring the suit to a commissioner, the circuit court evidently took the view that it was without power to suppress defendant's answer, and therefore the divorce suit was contested within the meaning of the rule of court.

Relator's position, in our opinion, is not consonant with the practice in this jurisdiction. In *State ex rel. Logan Scott v. Warren Kittle, Judge,* 86 W.Va. 587, pt. 2 syl., 104 S.E. 44, this Court held: "In a suit for divorce the circuit court has no jurisdiction because of his contempt of a decree or order to pay alimony to suppress defendant's answer or depositions, thereby denying him his right to defend, whether he be defendant to the original bill or be made defendant in a cross bill against him. Public policy forbids denial of a proper defense in such cases: the contempt must be punished in some other manner than by cutting off defense." To the same effect see *Trough v. Trough,* 59 W.Va. 464, pt. 2 syl., 53 S.E. 630. See also 17 Am. Jur., Divorce and Separation, Sections 583 and 585, and 12 Am. Jur., Contempt, Section 71.

The reference of a suit in divorce to a commissioner in chancery in the absence of a mandatory rule of practice, is entirely discretionary with the trial court; but even if the circuit court had erred in treating the suit as a contested one, such abuse of discretion would be reviewable by this Court only on appeal, and is not controlled by mandamus.

Being of the opinion that relator's right turns upon the sound discretion of the circuit court, such discretion "is reviewable, as distinguished from controllable, if

thought to have been abused." *Ebbert v. Julian F. Bouchelle, Judge,* 123 W.Va. 265, 270, 14 S.E. 2d 614.

It follows that the peremptory writ prayed for should be refused.

*Writ refused.*

Fox, JUDGE, dissenting:

In my opinion, a peremptory writ should go in this case, requiring the Circuit Court of Barbour County to hear the divorce suit here involved at the next regular term of said court, unless, of course, subsequent developments therein make such hearing improper or impossible. In my judgment, when the defendant in said divorce suit openly and in flagrant contempt of said court, took from the court's custody, and out of its jurisdiction, the child whose ultimate custody the said court had the power to determine, and thus, in effect, made impossible any effective action by said court, in respect to such custody, she forfeited her right to be further heard in the suit, even though she had theretofore filed her answer therein; and the said suit from that time on, should have been treated as uncontested, for the reason that defendant was not then in a position to contest it. Certainly, the Circuit Court of Barbour County should not now engage in the futile proceeding of hearing testimony, or reading depositions, when by the defiance of defendant it has been deprived of any power to make its decree effective. I do not think that the *Scott* and *Trough* cases, cited in the majority opinion, which involved the suppression of an answer and of depositions, reach this case. Under the rule stated in said cases, it is quite probable that any motion to strike out the answer filed in the divorce suit should be denied; but I do not believe that while the defendant in said suit remains in contempt she is entitled to take proof by testimony in court, or before a commissioner, or be otherwise heard. It follows that the plaintiff, in the said suit, should not be denied a prompt hearing therein. I think it was the plain and legal duty

of the circuit court to promptly hear the suit for divorce, and that it should be required to do so.

I am constrained to register this dissent because I do not believe that this Court should lend its aid to litigants who openly and flagrantly defy the power and dignity of a constitutional court of record. I do not think the time should ever come when a litigant, brought into court by lawful process, should, in contempt of a lawful order of such court, be permitted to remove from the jurisdiction of the court the thing or person to which the litigation relates, and thus, in effect, nullify the power of the court to make fully effective any decree it may enter in the suit, and at the same time be permitted to prosecute or make defense thereto to the same extent as if he or she had fully recognized and complied with the court's order. I do not believe a rule of the court, covering practice in suits in normal course of litigation, should be permitted to stand in the way of the exercise of the inherent right of all courts to see that their decrees and orders are obeyed. The natural reluctance of this Court to control the action of a circuit court by a writ of mandamus, should give way to the imperative need to uphold the power and dignity of the courts of this State.