Argued July 13, affirmed August 23, 1967

HARRIS, *Respondent, v.* HARRIS, *Appellant.*

430 P. 2d 993

*DeMar Batchelor,* Hillsboro, argued the cause for appellant. With him on the brief were Schwenn, Bradley & Batchelor, Hillsboro.

*Raymond J. Conboy,* Portland, argued the cause for respondent. With him on the brief were Reiter, Day & Wall, and Carlton R. Reiter, Portland.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, DENECKE and LUSK, Justices.

SLOAN, J.

During the course of this divorce proceeding, defendant's deposition was taken. The deposition was recessed to require defendant to produce income tax and business records. Before the deposition could be continued, defendant took the two children of the parties and fled to Mississippi. He has refused to return to Oregon. Thereafter the court entered an order requiring him to appear for completion of the deposition on a day certain. The order was properly served on defendant. The order also provided that defendant's pleadings would be stricken if he failed to appear. ORS 45.190.[1] When defendant failed to appear the court did strike his pleadings and proceeded to hear the case as a default proceeding. Defendant's attorney appeared at the default hearing and asked leave to cross-examine plaintiff. The court refused to allow it. Defendant appeals claiming that his property was taken without the due process guaranteed by the Oregon Constitution, Art I, § 10, and by the Fourteenth Amendment to the Federal Constitution.

The question has been answered by the United States Supreme Court in *Societe Internationale v. Rogers,* 1958, 357 US 197, 78 S Ct 1087, 2 L ed2d 1255. The court, in passing upon a default judgment that

[1] "If a party, or an officer or managing agent of a party, wilfully fails to appear before the officer who is to take his deposition after being served with a proper notice, the court in which the action, suit or proceeding is pending, on motion and notice, may, within the limitations required by due process, strike all or any part of any pleading of that party or dismiss the action or proceeding or any part thereof. * * *."

had been entered pursuant to Rule 37[2] of the Federal Rules of Procedures made this analysis of the significant cases:

"The provisions of Rule 37 which are here involved must be read in light of the provisions of the Fifth Amendment that no person shall be deprived of property without due process of law, and more particularly against the opinions of this Court in Hovey v. Elliott, 167 US 409, 42 L ed 215, 17 S Ct 841, and Hammond Packing Co. v. Arkansas, 212 US 322, 53 L ed 530, 29 S Ct 370, 15 Ann Cas 645. These decisions establish that there are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause. The authors of Rule 37 were well aware of these constitutional considerations. See Notes of Advisory Committee on Rules, Rule 37, 28 USC (1952 ed.), p. 4325.

"In Hovey v. Elliott (US) supra, it was held that due process was denied a defendant whose answer was struck, thereby leading to a decree pro confesso without a hearing on the merits, because of his refusal to obey a court order pertinent to the suit. This holding was substantially modified by Hammond Packing Co. v. Arkansas (US), supra, where the Court ruled that a state court, consistently with the Due Process Clause of the Fourteenth Amendment, could strike the answer of and render a default judgment against a defendant who refused to produce documents in accordance with a pretrial order. The Hovey Case was distinguished on grounds that the defendant there was denied his right to defend 'as a mere punishment'; due process

---

[2] Rule 37 provides the procedure allowable when a party or deponent refuse to answer. Subsection (iii) of the rule permits the court to enter "An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;".

was found preserved in Hammond on the reasoning that the State simply utilized a permissible presumption that the refusal to produce material evidence' . . . was but an admission of the want of merit in the asserted defense.' 212 US at 350, 351. But the Court took care to emphasize that the defendant had not been penalized '. . . for a failure to do that which it may not have been in its power to do.' All the State had required 'was a bona fide effort to comply with an order . . ., and therefore any reasonable showing of an inability to comply would have satisfied the requirements . . .' of the order. 212 US, at 347."

The Court held:

"In view of the findings in this case, the position in which petitioner stands in this litigation, and the serious constitutional questions we have noted, we think that Rule 37 should not be construed to authorize dismissal of this complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner.*" (*Footnote omitted).

There is no question in the instant case of defendant's bad faith in refusing to comply with the statute and the court's order.

*Hutchinson v. Hutchinson,* 1928, 126 Or 519, 270 P 484, 62 ALR 660, appears to sustain defendant's argument. However, the *Hutchinson* case was decided solely on the basis of *Hovey v. Ellis,* 1897, 167 US 409, 17 S Ct 841, 42 L ed 215, without any reference to the modifying decision of *Hammond Packing Co. v. Arkansas,* 1909, 212 US 322, 29 S Ct 370, 53 L ed 530, 15 Ann Cas 645. In view of the *Societe Internationale* case, *Hutchinson v. Hutchinson, supra,* must be overruled.

The later case of *Anderson v. Stanwood,* 1946, 178 Or 306, 167 P2d 315, did recognize the distinction made by *Hammond Packing Co. v. Arkansas, supra.* In *Anderson,* the defaulted party had refused to answer certain questions at a deposition, 178 Or 308. This court, in holding that it was error to default the party for that reason, held:

> "We think that the foregoing authorities reflect the principle that the validity of an order striking a pleading pursuant to the statute under consideration is restricted to those cases where the failure to answer obviously withholds a fact or facts material to his adversary's case and is limited to the effect that ensues from any reasonable presumption which may be drawn from the refusal to discover such fact or facts." 178 Or at 317, 167 P2d at 319.

In the instant case the evidence which defendant refused to disclose was material to the defendant's demand that he be awarded certain personal property and to plaintiff's defense to the claim. We think it proper to assume that if the demanded records had been produced, they would have been harmful to the defendant's claim to the personal property that he sought to have awarded to him. Defendant's claim to the property would have been the only issue of ostensible merit he could have presented in the case. Hence, his refusal to appear would have deprived plaintiff of material evidence if the case had proceeded to trial. The order putting defendant in default was proper.

Affirmed.