491 P.2d 1168 (1971)
Wallace A. STIRLING and Charlotte H. Stirling, Respondents,
v.
DARI-DELITE, INC., a Corporation, Appellant.
Supreme Court of Oregon.
Argued and Submitted December 7, 1971.
Decided December 22, 1971.
*1169 Jaqua, Wheatley & Gardner, Eugene, filed a brief for appellant.
Robert J. McCrea, Eugene, argued the cause for respondents. On the brief were Gildea, Speer & McGavic, P.C., Eugene, and Howard E. Speer, Eugene.
Before O'CONNELL, C.J., and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, JJ.
TONGUE, Justice.
This is an appeal from an order denying a motion to set aside a default judgment.
The complaint in this case, an action for damages for breach of a franchise agreement, was filed on October 8, 1968. On May 5, 1969, no appearance having been made by defendant, plaintiffs moved for an order of default, which was then entered. Defendant then appeared and on May 8, 1969, moved to set aside the order of default, which was then set aside and an answer was filed by defendant.
Meanwhile, on June 17, 1969, plaintiffs moved for an order to require defendant's president to appear for deposition and to bring with him various records.[1] On July 2, 1969, after a hearing on that motion an order was entered, based upon the consent of defendant's attorneys, that defendant's president, Robert Stanslow, would appear for deposition at a time to be agreed upon "between the parties." Apparently, however, that deposition was never taken.
On February 25, 1970, plaintiffs served on defendant's attorneys of record a motion for production of documents and a notice to take the deposition of Mr. Stanslow on March 17, 1970. Apparently, however, Mr. Stanslow again did not appear for deposition.
On April 22, 1970, plaintiffs filed a motion to strike defendant's pleadings for the willful failure of Mr. Stanslow to appear for deposition, with an affidavit setting forth facts in detail in support of that motion. An order and citation were then issued to defendant's attorneys to appear on May 18, 1970, to show cause why defendant's pleadings should not be stricken.
On May 18, 1970, after a hearing attended by attorneys for both parties, an order was entered requiring "the appropriate officer of the defendant corporation who has * * * knowledge * * * of the facts" to appear on June 1, 1970, for deposition and to bring with him various records. In accordance with instructions by the trial judge, service was made of a copy of that order by registered mail on the Corporation Commissioner of Oregon and also upon the defendant corporation at its home office in California, as well as by personal service upon defendant's local attorneys. On May 22, 1970, defendant's attorneys filed a notice of resignation, accompanied by an affidavit stating, among other things, that "defendant has refused to cooperate in the defense, has refused to *1170 furnish documents requested or demanded pursuant to Orders to Produce and has refused to appear for scheduled depositions."
On June 1, 1970, the time set for appearance for deposition and for production of records, no one appeared on behalf of defendant and an order was entered striking defendant's pleadings and adjudging defendant to be in default. On the next day a default judgment was entered against defendant in the sum of $84,700.
No appeal was taken by defendant from that judgment and for over seven months no action whatever was taken by or on behalf of defendant in this case.
Finally, on January 4, 1971, a motion to set aside the default judgment was filed on behalf of defendant by the same attorneys who had previously withdrawn, based upon an unsworn "declaration" by one William J. Philbee (later supplanted by a sworn affidavit) to the effect, among other things, that he was defendant's president; that Mr. Stanslow had not been president since December 1969; that defendant's offices had been "padlocked" by the Internal Revenue Service from March 7, 1970, through July 24, 1970, with the result that until then he was not aware of the court order to appear on June 1, 1970, until that date had "already passed"; that he also did not know for some unspecified time that defendant's attorneys had resigned, but had contacted them "during the first few days of September and have been working on this matter ever since."
A hearing on that motion was then set for March 15, 1971, and further affidavits were also filed in support of and in opposition to defendant's motion. At that time the trial judge denied defendant's motion to set aside the default judgment. Defendant appeals from that order.
Defendant contends on this appeal that "the trial court erred in finding that the defendant willfully failed to appear for deposition after being served with proper notice and in failing to find defendant's failure to appear resulted from mistake, inadvertence, surprise, or excusable neglect" and also "abused its discretion in striking defendant's entire answer." In support of these assignments of error defendant's primary contention is that it was not "served with a proper notice" in writing of the deposition, as required by ORS 45.190 and 45.161 before a court can strike the pleadings of a party for willful failure to appear for a deposition.
It is well established, however, that a defendant seeking relief under ORS 18.160 from a default judgment must not only show that the judgment was entered against him through mistake, inadvertence, surprise or excusable neglect, but must also show that he acted with reasonable diligence after knowledge of the default judgment and inexcusable delay will preclude him from relief. Koukal v. Coy et ux., 219 Or. 414, 418-420, 347 P.2d 602 (1959); Reeder v. Reeder, 191 Or. 598, 601, 232 P.2d 78 (1951); and Steeves v. Steeves, 139 Or. 261, 265, 9 P.2d 815 (1932).
After examining the record in this case we agree with the trial judge in holding that "based upon the entire record" this defendant failed to establish grounds sufficient to entitle it to relief from the entry of the default judgment. Defendant admitted knowledge of the default judgment on or about July 24, 1970. There is also evidence that defendant's officers had such knowledge at an earlier date and that they had "refused to appear for scheduled despositions." Of more importance, however, is the fact that it filed no motion to set aside the default judgment until January 4, 1971, and failed to show any reasonable excuse for that long delay. Under all of the facts and circumstances in this case, the trial judge did not abuse the discretion conferred upon him by ORS 18.160.
It thus becomes unnecessary to decide whether or not, prior to the entry of the order striking defendant's answer for failure to appear for the deposition and prior to the entry of the default judgment, defendant corporation was entitled to and was given written notice of the order to *1171 appear for the deposition, separate and distinct from the notice served upon its attorneys of record.[2]
It follows that the order of the trial court refusing to set aside the default judgment is affirmed.
Affirmed.
NOTES
[1] Two days later defendant also filed a motion to set aside plaintiffs' motion for a deposition, which was denied. Defendant also filed a motion to quash service of summons and a motion to strike or to make plaintiffs' complaint more definite and certain, which was later stricken, on plaintiffs' motion.
[2] See Harris v. Harris, 247 Or. 479, 430 P.2d 993 (1967). See also Colwell v. Chernabaeff, 92 Or.Adv.Sh. 223, 482 P.2d 157 (1971). Cf. Rule 37(d), Federal Rules of Civil Procedure, and 8 Wright and Miller, Federal Practice and Procedure 798-799, 817-820, §§ 2289, 2291 (1970).